563 A.2d 518

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Robert McGINLEY.**

Superior Court of Pennsylvania.

Submitted June 5, 1989.

Filed Aug. 29, 1989.

Joseph Giebus, Asst. Dist. Atty., Wilkes Barre, for Com., appellant.

Harry P. Mattern, Wilkes Barre, for appellee.

Before BROSKY, BECK and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from the order of the Court of Common Pleas of Luzerne County denying appellant's petition for writ of certiorari pursuant to 42 Pa.C.S.A. § 934.[1] We reverse.

On June 12, 1988, appellee was charged with the summary offense of patronizing prostitutes.[2] A hearing on the charge was scheduled for June 27, 1988. On that date, however, a detective from the police department of the city of Wilkes–Barre, which had filed the charge following a

1. Section 934 provides:
 Unless and until changed by general rule, the judges of the courts of common pleas, within their respective judicial districts, shall have power, in addition to the right of appeal under section 9 of Article V of the Constitution of Pennsylvania, to issue writs of certiorari to the minor judiciary.

2. 18 Pa.C.S.A. § 5902(e).

police "sting" operation, withdrew the charge against appellee. The district justice denied appellee's objection to the withdrawal of the charge, and no hearing was held.

On July 19, 1988, the police department filed two new summary offense citations against appellee. One of the new citations charged appellee with the same offense that he was originally charged with, i.e., patronizing prostitutes, 18 Pa.C.S.A. § 5902(a). The other new citation charged appellant with an additional offense: criminal solicitation.[3] At the evidentiary hearing on these charges, appellee moved for dismissal of the citations. Following the hearing, on September 21, 1988, the district justice dismissed the citations on the basis that they had not been properly issued by the Commonwealth.

Appellant [the Commonwealth] then filed a petition with the lower court for a writ of certiorari, which the lower court denied. The instant timely appeal followed.

 On appeal, appellant contends that the lower court erred in finding that the withdrawal of the original charge and the filing of new citations resulted in actual prejudice to appellee under Pa.R.Crim.P., Rule 90, 42 Pa.C.S.A.[4] Before addressing appellant's contention, we note first, as did the lower court, that the issuance of a writ of certiorari is within the discretion of the court of common pleas in its reviewing capacity. *Commonwealth v. Cook*, 226 Pa.Super. 273, 276, 308 A.2d 151, 153 (1973). In addition, the appropriate method for seeking review of a district justice's dismissal of a summary charge on procedural grounds is by

**3.** *Id.* § 902.

**4.** Rule 90, relating to defects in form, content, or procedure in summary cases provides:

A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of the Chapter [relating to general procedures in summary cases], unless the defendant raises the defect before the conclusion of the summary trial and the defect is prejudicial to the rights of the defendant. Pa.R.Crim.P., Rule 90, 42 Pa.C.S.A.

writ of certiorari to the court of common pleas. *Common-wealth v. Reese*, 364 Pa.Super. 553, 528 A.2d 647 (1987).

The lower court in the instant case denied appellant's petition for certiorari on the basis that the district justice was correct in dismissing the citations. The court found that there was sufficient evidence of record to demonstrate that appellant had not complied with the requirements of Pa.R.Crim.P., Rule 60, 42 Pa.C.S.A.,[5] in filing the citations with the district justice. Further, the lower court determined that the defect in procedure was prejudicial to appellee, thus permitting the district justice to dismiss under Rule 90, *supra*.

On appeal, the Commonwealth contends that the prejudice which the lower court found to have resulted from a defect in procedure under the summary rules was not the type of prejudice intended by Rule 90. Specifically, the lower court found that appellee had suffered actual prejudice as a result of having to appear twice at the office of the district justice for hearings, as well as having to secure legal services for the two hearings. Additionally, the lower court found prejudice in the fact that one of the new citations was for the identical charge as the previous one, while the remaining citation was for a new and separate charge requiring different proof and additional time and resources expended in defense of the charge. For the reasons which follow, we agree with appellant and reverse.

■ The rules governing procedure in summary criminal cases permit criminal proceedings in such cases to be instituted by one of the following methods: (a) issuing a citation to the defendant; (b) filing a citation; (c) filing a complaint; or (d) arresting without a warrant when arrest is specifically authorized by law. Pa.R.Crim.P., Rule 51, 42 Pa.C.S.A. The favored procedure is that described in Rule 51(a), issuance of a citation to the defendant, because the rule procedures "are generally designed to favor the least intrusive means of instituting a summary proceeding." Pa.R.

5. *See infra.*

552

Crim.P., Committee Introduction to Chapter 50, Procedure in Summary Cases, 42 Pa.C.S.A.

In certain instances, however, summary criminal proceedings may be instituted by filing a citation with the proper authority. Pa.R.Crim.P., Rules 51(b) and 60, 42 Pa.C.S.A. Specifically, Rule 60 of the summary rules provides:

When it is not feasible to issue the citation to the defendant or when evidence is discovered after the issuance of a citation that gives rise to additional summary charges against the defendant resulting from the same incident, a law enforcement officer shall institute a criminal proceeding in a summary case by filing a citation with the proper issuing authority.

Pa.R.Crim.P., Rule 60, 42 Pa.C.S.A.

■ A pending citation may be withdrawn. Comment, Pa.R.Crim.P., Rule 83, 42 Pa.C.S.A.[6] The summary rules also provide that a case cannot be dismissed because of defects in a citation or the procedures under which it was filed unless such defect is prejudicial to the defendant. Pa.R.Crim.P., Rule 90, 42 Pa.C.S.A.[7] "As a condition to relief regardless of whether the defect is in form, content, or procedure, the court or issuing authority must determine that there is actual prejudice to the rights of the defendant." Comment, *id.*

■ In the case *sub judice,* the original citation was issued to appellee within three hours of the alleged offense in compliance with Rule 51(a). This citation was later withdrawn. Subsequently, thirty-seven days after the original citation was issued, two new citations were filed with the district magistrate. The lower court was of the opinion that the Commonwealth's filing of these two citations constituted a defective procedure under Rule 60. In so hold-

6. "The affiant may withdraw the citation pending before the issuing authority." *Id.*

7. *See* note 4, *supra.*

ing, the court cited the comment to Rule 60 which provides in pertinent part:

When determining whether the filing of a citation was the correct procedure under the rules, the courts have considered whether there was a reasonable basis for filing, whether there were compelling reasons to prevent issuing the citation, and whether the defendant was prejudiced by the filing....

When evidence is discovered after the issuance of a citation which gives rise to additional charges against the defendant resulting from the same incident, the police officer must file with the issuing authority an additional citation alleging such additional summary offenses, or a complaint when the additional charges include a misdemeanor or felony....

Comment, Pa.R.Crim.P., Rule 60, 42 Pa.C.S.A.

Applying the principles of Rule 60 and the Comment thereto, the lower court made the following findings:

Our review of the record does not indicate a "reasonable basis" for filing nor does it indicate the existence of "compelling reasons" to prevent the issuing of the citations to the Defendant. Accordingly, this Court finds that the District Justice could have validly applied Rule 60 to the circumstances of this case and in his judicial discretion found the requirements of Rule 60 to have been violated.

The lower court reasoned, in making this finding, that all of the evidence against appellant was known to the police immediately after the alleged offense occurred, and that it "stretch[ed] credulity" to believe that the citation charging criminal solicitation could not have been issued at the time of the alleged offense.

We see no reason to disturb the conclusion of the lower court in this regard. While the record does not contain a transcript of the hearing before the district justice, we note that the Commonwealth itself has not argued the correctness of the procedure employed by the city police in this

instance. We decline, therefore, to make this argument for the Commonwealth.

Although we accept the lower court's finding that the procedure utilized by the city was defective under Rule 60, we disagree with the court's conclusion that the defective procedure resulted in prejudice to appellee. In this regard, the comment to Rule 90 is instructive:

A complaint, citation, summons, or warrant may be amended at any time so as to remedy any defect in form or content that is not prejudicial to the rights of the defendant. Nothing in this rule shall prevent the filing of a new complaint or citation and the re-issuance of process. Any new complaint must be filed within the time permitted by the applicable statute of limitations.

Comment, Pa.R.Crim.P., Rule 90, 42 Pa.C.S.A.

As we stated earlier, Rule 90 requires actual prejudice to the rights of the defendant before the rule's prohibition on dismissal of the charges or discharge of the defendant is invoked. However, as the comment to Rule 90 makes clear, defective citations may be remedied and new ones filed as long as they are filed within the statute of limitations. Moreover, it has been held that a finding of prejudice under the rule requires a showing of "manifest and palpable harm" resulting from the defective citation or procedure. *Blosenski Disposal Service v. Commonwealth Department of Environmental Resources*, 116 Pa.Cmwlth. 315, 543 A.2d 159 (1988) (construing Pa.R.Crim.P., Rule 150, predecessor to the present Rule 90). In *Blosenski*, it was held that a delay of eighty-two days in filing charges against appellant did not entitle appellant to a dismissal of the charges under the predecessor rule to Rule 90 where no evidence was presented to demonstrate that appellant was prejudiced by the delay. *Id.* at 324, 543 A.2d at 164. *See also Commonwealth v. Joki*, 330 Pa.Super. 406, 479 A.2d 616 (1984) (zoning officer's error in filing complaints for violating zoning ordinance rather than filing citations was

harmless error in absence of prejudice or injury—predecessor to Rule 90 cited).

■ Appellee alleges that the re-filing of the citations against him was prejudicial in that the delay caused him to suffer "prolonged and agonizing" media accounts of the alleged offense, forced him to expend additional financial and other resources in his defense, and required him to appear twice with witnesses before the district magistrate. These are the grounds upon which the lower court relied in reaching its finding of prejudice under Rule 90.

We cannot agree that these inconveniences are of the type contemplated by the rule. As we have indicated, the rule's comment explains that nothing in the rule prevents the filing of a new citation or the amendment of a defective one, as long as the statutory time limitations are not exceeded. In addition, a finding of "manifest and palpable harm" is necessary. Here, it is clear that both of the charges filed with the district magistrate on July 19, 1988 were filed well within the statute of limitations for the two offenses. *See* 42 Pa.C.S.A. § 5552 (two year statute of limitations except for certain major criminal offenses). In addition, following a dismissal of the charges for an alleged defect in the procedure, there is nothing in the summary rules which would prevent the filing of a new citation or citations so long as they are filed within the limitation period for the offenses. Thus, despite the apparent violation of Rule 60, appellee did not suffer prejudice of the type which would permit dismissal of the charges under Rule 90.

We conclude that the lower court's denial of the Commonwealth's petition for a writ of certiorari was based on an erroneous interpretation of Rule 90. Therefore, the lower court abused its discretion in denying the Commonwealth's petition for the writ.

Order reversed; appellant's petition for writ of certiorari granted; remand to court of common pleas for further proceedings. Jurisdiction relinquished.