MELLENBERG, J.,
Defendant, Scott A. Jessup, has filed an appeal from a conviction for the summary offense of speeding. Defendant has asked, by pretrial motion, that this court dismiss the charge because of a delay by the district justice in rendering his decision.
On January 21, 1989, defendant was cited for speeding under section 3362(a)(2) of Title 75, the Motor Vehicle Code. Defendant pled not guilty, and a hearing was held before District Justice Theodore L. Russiano on April 14, 1989, after which the district justice took the matter under advisement. On November 20, 1989, seven months after the hearing, defendant was notified by letter of his conviction and also of his right to file an appeal de novo within 30 days. An appeal was filed on December 14, 1989. A hearing was originally scheduled for May 21, 1990 but was continued on two separate occasions. Oral argument was heard on defendant’s pretrial motion to dismiss on August 15, 1990.
The issue, as framed by the parties, is whether the seven-month delay between the hearing before the district justice and the announcement of the justice’s verdict constitutes such prejudicial error as to afford dismissal of the charge.
The Pennsylvania Rules of Criminal Procedure provide that a defendant shall not be discharged nor shall a case be dismissed because of a defect in the procedures pertaining to summary offenses unless defendant raises the defect before the conclusion of the summary trial and the defect is prejudicial to the rights of the defendant. Pa.R.Crim.P. 90. The court or issuing authority must determine that there is actual prejudice to the rights of the defendant. Comment to Pa.R.Crim.P. 90, see also, Commonwealth v. McGinley, 386 Pa. Super. 547, 552, 563 *100 A.2d 518, 521 (1989). Furthermore, a finding of prejudice under Rule 90 requires a showing of manifest and palpable harm resulting from the defective citation or procedure. Id., citing Blosenski Disposal Service v. Commonwealth, Department of Environmental Resources, 116 Pa. Commw. 315, 543 A.2d 159 (1988).
The Pennsylvania Rules of Criminal Procedure specifically provide that, in summary cases, the verdict and sentence shall be announced in open court immediately upon conclusion of the trial before the district justice. Pa.R.Crim. P. 83(d). The goal of the rules governing summary proceedings is a prompt adjudication before the issuing authority. Commonwealth v. Wadzinski, 239 Pa. Super. 76, 361 A.2d 790 (1976).
Quite obviously, the district justice in this instance did not follow the procedures as outlined in the Pennsylvania Rules of Criminal Procedure. While it may be true that defendant agreed to the district justice taking the case under advisement, we find a seven-month advisement period regarding a speeding offense results in manifest and palpable harm to defendant. Thus, we believe that the seven-month delay between the date of hearing and notification of the verdict rises to the level of prejudice to defendant.
For the foregoing reasons, defendant’s pretrial motion to dismiss the charge is hereby granted.
ORDER
And now, September 27, 1990, after oral argument and consideration of the briefs of the parties, it is ordered that defendant’s motion for dismissal of the charge is granted, and the summary citation is dismissed.