597 A.2d 291

**Stephen L. SEEHERMAN, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted July 12, 1991.

Decided Sept. 12, 1991.

Stephen L. Seeherman, pro se.

Correale F. Stevens, Dist. Atty., and Mari M. Van Wie, Asst. Dist. Atty., for appellee.

Before COLINS, and BYER, JJ., and BARBIERI, Senior Judge.

COLINS, Judge.

Stephen L. Seeherman (Seeherman) appeals from an order of the Court of Common Pleas of Luzerne County (trial court) which found him guilty of three parking violations following a trial *de novo*. We affirm.

On September 24, 1988 at 10:44 a.m., Officer Edward Soltis of the Wilkes–Barre Police Department observed a silver Audi, registration number 418, parked in a meter Zone C–25 on South Main Street. As there was no time registered on the meter, Officer Soltis issued a parking ticket and placed it on the car. Subsequently, Seeherman failed to pay the ticket. On October 3, 1988, a computer check through the Department of Transportation (DOT) identified Seeherman as the owner. On November 1, 1988, Citation No. C8440 was filed with District Justice Michael Colins, charging Seeherman with a parking meter violation under Section 29, Subsection 121 of the Wilkes–Barre City Ordinance (ordinance). On March 2, 1989, the District Justice found Seeherman guilty and ordered him to pay a $10.00 fine and $22.50 in costs. Seeherman's timely appeal to the trial court became Criminal Information No. 624 of 1989.

On October 22, 1988 at approximately 2:04 p.m., Officer Soltis observed a brown Mazda, registration number 438453 parked on South Franklin Street in meter Zone K–35.

There was no time on the meter. Officer Soltis issued a parking ticket and placed it on the car. Afterwards, the owner failed to pay this ticket as well. On December 2, 1988, Seeherman was identified as the owner by a DOT computer check. On December 30, 1988, Citation No. D2023 was filed with District Justice Michael Colins, charging Seeherman with a parking violation under Section 29, Subsection 121 of the ordinance. (This citation was subsequently amended on March 15, 1989 and on April 11, 1989 regarding the type of vehicle involved). On April 11, 1989, the District Justice found Seeherman guilty and ordered him to pay a $10.00 fine and $22.50 in costs. Seeherman filed a timely appeal to the trial court and that became Criminal Information No. 1267 of 1989.

On December 2, 1988 at 9:25 a.m., Officer Arthur Kemmerer of the Wilkes–Barre Police Department observed a Chevrolet, registration number 438453, parked in meter zone C–29 on South Main Street. Noting that the meter did not have any time registered on it, the officer issued a parking ticket, which the owner later failed to pay. On January 10, 1989, DOT identified Seeherman as the owner. On January 31, 1989, a citation was filed against Seeherman, charging him with a meter violation under Section 29, Subsection 121 of the ordinance. On March 27, 1989, Seeherman was found guilty by District Justice Michael Colins and ordered to pay a $10.00 fine and $22.50 in costs. Seeherman's timely appeal to the trial court became Criminal Information No. 870 of 1989.

On March 7, 1990, a hearing *de novo* on the consolidated cases was held before the Honorable Donald O'Malley. Seeherman was found guilty in all three cases and was ordered to pay a $10.00 fine and $22.50 in costs for each case. We affirm.

Seeherman raises a host of issues to justify why he should not pay the $77.50 in parking tickets. We shall briefly discuss each of them.

■ First, Seeherman alleges that the citations issued were facially defective. This contention is without merit. The citations were valid pursuant to Pa.R.Crim.P. 53, which requires that citations include "a citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged." The three citations list City Ordinance 29, Subsection 121 as the law violated. Seeherman contends that City Ordinance 29, Subsection 121 is merely an index to a codification of ordinances of the City of Wilkes–Barre. This contention is wholly erroneous. Section 29, Subsection 121 of the ordinance explicitly states: "No owner or operator of any vehicle shall cause, allow or permit such vehicle to be parked overtime or beyond the period of legal parking time as indicated or set forth on the instructions of such meter." The citations properly provided Seeherman with notice of the statute that he violated.[1]

■ Seeherman's second contention is that the citations were not timely filed. Again, we disagree. Pa.R.Crim.P. 95, governs the procedures for parking violations.[2] Pursu-

1. Seeherman correctly states that Citation 8840 does not list a date of issue. Pursuant to Pa.R.Crim.P. 90:

A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant ... unless the defendant raises the defect before the conclusion of the summary trial and the defect is prejudicial to the rights of the defendant.

In *Commonwealth v. McGinley*, 386 Pa.Superior Ct. 547, 563 A.2d 518 (1989), the Superior Court has interpreted Rule 90 to require manifest and palpable harm. Seeherman has failed to show that any such harm existed here.

2. Proceeding in Summary Cases Charging Parking Violations.

(a) Political subdivisions may use parking tickets to inform defendants of parking violations and to offer defendants an opportunity to avoid criminal proceedings by paying an amount specified on the ticket within the time specified on the ticket. When a political subdivision does use parking tickets and a ticket has been handed to a defendant or placed on a vehicle windshield, a criminal proceeding shall be instituted only if the defendant fails to respond as requested on the ticket. In that event, the criminal proceeding shall be instituted by a law enforcement officer filing a citation with the proper issuing authority. Upon the filing of the citation the case

ant to 42 Pa.C.S. § 5553(a), "proceedings for summary offenses under Title 75 (relating to vehicles) must be commenced within 30 days after the commission of the alleged offense or within 30 days after the discovery of the commission of the offense or the identity of the offender, whichever is later, and not thereafter."

The record reveals that Officer Soltis issued the first ticket in question on September 24, 1988. Seeherman failed to pay the ticket or otherwise respond as required on the ticket. On October 3, 1988, Seeherman was identified as the owner of the vehicle in violation through a DOT computer check. Citation No. C8440 was filed on November 1, 1988, 28 days after Seeherman's identity was ascertained. Officer Soltis wrote the second ticket on October 22, 1988. The ticket was not paid; neither did Seeherman respond. Seeherman was identified as the owner of the vehicle through DOT on December 2, 1988. Citation No. D2023 was filed with the District Justice on December 30, 1988, 28 days later. The third ticket was written by Officer Kemmerer on December 2, 1988. Again, Seeherman did not pay the ticket. Seeherman was identified as the owner on January 10, 1989, through DOT. The citation was filed against Seeherman on January 31, 1989, 21 days later.

The tickets themselves are not citations, and they do not serve to institute summary proceedings. According to Pa. R.Crim.P. 95, law enforcement officers are required to take action only when the owner of the vehicle fails to respond. At that time, they are required to obtain from DOT the name of the owner of the vehicle.[3] Seeherman's contention that the citations were not timely filed has no basis in fact.

■ Seeherman next contends that there was no local ordinance in effect governing the placement of parking meters. He bases this contention on the fact that Section 2, Article X of the ordinance, which required that parking

shall proceed in the same manner as other summary cases instituted by filing a citation, in accordance with Rules 61–64.

**3.** *See* Comment to Pa.R.Crim.P. 95.

meter zones be printed on the traffic control maps of the city, was later amended by Ordinance No. 4–78, Section 2, February 9, 1978, which deleted that requirement. Seeherman would have this Court believe that because parking meter zones are not required to be printed on traffic control maps, they do not exist. This defies the law of statutory construction. Parking meters are authorized by Ordinance 2–75, Sections 2–10, March 6, 1975. The provisions of that ordinance are severable.[4] Therefore, the deletion of the requirement that parking meter zones be placed on traffic control maps does not affect the validity of the other provisions of the ordinance. City Council's intent that there be parking meters in the City of Wilkes–Barre and that the same are authorized on the westerly side of the second block of South Main Street is evidenced by Ordinance No. 10–86, Section 1, January 23, 1986. Parking meters are also authorized by 29 Wilkes–Barre Code 117–125.

Lastly, Seeherman alleges that the parking meters themselves were antiquated and not in good working order. The issue of determining whose burden it is to determine the functioning of a parking meter is one of first impression for this Court. We hold that the allegation of a non-functioning meter is an affirmative defense, and that the burden of proving the malfunction rests on the person making the defense. In the instant case, the record reflects that Seeherman's witness, Mr. Sam Macekura, a parking meter repairman, testified that the parking meters in question were checked once a year for accuracy with a state inspected, calibrated time clock. Testimony also revealed that when parking violators alleged that meters were broken, police sent repair crews to investigate and make necessary repairs. There is no evidence to indicate specific problems with meters K–35, C–25, or C–29, the meters at which Seeherman was parked when his tickets were issued. Seeherman has failed to prove with specific evidence that the meters in question were antiquated or that they were malfunctioning.

4. Ordinance 2–75, Art. XVI, Sec. 1.

400

Accordingly, we find Seeherman's appeal frivolous and entirely without merit and affirm the order of the trial court.[5]

## ORDER

AND NOW, this 12th day of September, 1991, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is affirmed.

**5.** This Court notes that there has been no request for counsel fees and costs pursuant to Pa.R.A.P. 2744. Therefore, the Court, at this time, cannot consider awarding the same for a frivolous appeal.