638 A.2d 441

**COMMONWEALTH of Pennsylvania**

v.

**MSG ASSOCIATES, INC., Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 17, 1993.

Decided Feb. 25, 1994.

Anthony J. Martino, for appellant.

Dennis A. DeEsch, for appellee.

Before DOYLE and FRIEDMAN, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

MSG Associates, Inc. (MSG) appeals from the judgment of sentence by the Court of Common Pleas of Northampton County which imposed a fine of $300 for MSG's violation of an ordinance of the Borough of Wilson. We reverse.

Ordinance No. 537 of the Borough of Wilson imposes a business privilege tax. Section 14 of that ordinance provides:

Any person who conducts, transacts or engages in any of the businesses subject to the tax imposed by this ordinance without having first secured a business privilege license for the year, or any person who fails to file a tax return as required by the provisions of this ordinance, or any person who willfully files a false return, shall, upon summary conviction before any Justice of the Peace or Magistrate in the County of Northampton, be fined not more than three hundred dollars ($300.) for any one (1) offense, recoverable with costs, or imprisonment not exceeding thirty (30) days, if the amount of the fine and costs are not paid.

The "private" criminal complaint filed against MSG charged that MSG "did fail to pay the Borough of Wilson Business Privilege Tax for 1991 due August 30, 1991 Tax and License Due." (Private Criminal Complaint, 8/11/92.)[1] Following a conviction by a district justice of the "offense" of "Business Privilege Tax", Ordinance 537, MSG appealed to common pleas court pursuant to Pa.R.Crim.P. 86. Following trial de novo, the trial court found MSG guilty, indicating only that MSG had violated Ordinance No. 537, without indicating the *specific violation.* MSG filed a motion for new trial and in arrest of judgment. Following denial of the motion the court imposed a fine of $300.00. Explaining its reasons for denying

---

1. Pa.R.Crim.P. 132(6)(b) provides that a complaint shall contain "[i]n a summary case, a citation of the *specific section and subsection of the statute or ordinance allegedly violated,* together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged...." (Emphasis added.) The same language is contained in Pa.R.Crim.P. 53, dealing with citations. *See* footnote 2 of this opinion.

the motion, the trial court indicated that MSG was convicted of *failing to file a business privilege tax return.* MSG now seeks our review.

■ MSG first argues that the conviction cannot stand because MSG was never charged with failing to file a business privilege tax return. The private criminal complaint filed in this case charged MSG with failure to *pay* the business privilege tax; the complaint can also be read as charging MSG with failure to *obtain a business privilege license.* The Commonwealth concedes in its brief that failing to pay the tax does not constitute a crime. Nevertheless, the Commonwealth argues that it proved that MSG failed to *file a return,* a crime as defined by the Ordinance. The Commonwealth further argues, without offering any supporting authority, that despite the inadequacies in the language of the private criminal complaint, MSG had notice of the *actual* charges. The trial court accepted this argument. We cannot agree that MSG's conviction should be affirmed on this basis.

■ Harvey Ackerman, the Borough's Code and License Officer, chose to institute these criminal proceedings by filing a private criminal complaint as authorized under either Pa. R.Crim.P. 65 or Pa.R.Crim.P. 133.[2] In any criminal proceeding, a defendant is entitled to *formal notice of the charges.* As the Supreme Court stated in *Commonwealth v. Diaz,* 477 Pa. 122, 126, 383 A.2d 852, 854 (1978), "Formal notice of the charges is required so that the defendant knows exactly what the accusation is and so that the record will establish exactly what the defendant is guilty of in the event of a conviction." Although *Diaz* involved crimes which were felonies and the present case involves only summary offenses, Ordinance 537 provides for imprisonment if the fine and costs are not paid;

2. Ackerman falls within the definition of "Law Enforcement Officer" as that term is defined in Pa.R.Crim.P. 3(1); thus, it would appear that Ackerman should have instituted proceedings by issuing or filing a citation rather than by filing a complaint. Pa.R.Crim.P. 51 and 52. However, this issue was not raised nor does it affect our disposition of the case.

therefore, due process applies.[3]   In this case, MSG was convicted of failing to file a tax return, despite the fact that it was never charged with that crime.   The Commonwealth cites no authority, nor are we aware of any authority, that a defendant can be convicted of a crime for which the defendant has never formally been charged.

Furthermore, it is well settled that a defendant may be convicted of any lesser included offense of the offense charged.   *Commonwealth v. Pemberth*, 339 Pa.Superior Ct. 428, 489 A.2d 235 (1989).   The Superior Court has stated that· "[i]f each and every element of one offense is necessarily an element of a greater offense, the former offense is a lesser included offense of the latter."   *Commonwealth v. Ferrari*, 406 Pa.Superior Ct. 12, 17, 593 A.2d 846, 848 (1991).   Clearly then, failing to file a return cannot be a lesser included offense of failing to pay the tax when the latter is not an offense at all under the ordinance.   The trial court in this case also stated in its opinion:

> Further, the fact that [MSG] was charged with failure to remit the Wilson Borough Business Privilege Tax, rather than failure to file a Business Privilege Tax Return, is of no consequence, because [MSG] had full and adequate notice of the charges being brought against it due to the notices sent by the Borough's License Officer and Solicitor.

(Trial court's opinion, p. 7, 6/4/93.)   We also note that failing to file a tax return is obviously not a lesser included offense of failing to obtain a license.

We recognize that the Superior Court has held that *amendment of a criminal information*[4] *at trial* is permitted if the crimes charged therein arose out of the same set of facts as where amendment was allowed to add a charge of aggravated

---

**3.** The Supreme Court has held that protections applicable to defendants in criminal proceedings also apply to defendants in civil proceedings to enforce municipal ordinances where the municipal ordinance calls for imprisonment if a fine is not paid.   *In re Investigating Grand Jury*, 496 Pa. 452, 437 A.2d 1128 (1981).

**4.** The comments to Pa.R.Crim.P. 132 make clear that a complaint in a criminal case involving summary offenses is the equivalent of a criminal information.

assault to the original information which charged attempted murder. *Commonwealth v. Fuller*, 396 Pa.Superior Ct. 605, 579 A.2d 879 (1990), *petition for allowance of appeal denied*, 527 Pa. 585, 588 A.2d 508 (1991). However, we must also note that in *Commonwealth v. DeSumma*, 522 Pa. 36, 559 A.2d 521 (1989), the Supreme Court held that amendment of an information on the eve of trial was not permitted under Pa. R.Crim.P. 229.[5] In that case, DeSumma brandished a gun while driving along side of another automobile. DeSumma was charged with simple assault on and recklessly endangering *the driver of the other auto.* At trial, the Commonwealth was granted leave to amend the information to include charges of simple assault of and recklessly endangering the driver *and the four occupants of the other car.* The Supreme Court held that such amendment violated Rule 229 because it added additional offenses. In any event, our review of the record in the present case shows that the *Commonwealth never attempted to amend the private complaint to include the charge of failing to file a business privilege tax return.*

■ We are also aware of Pa.R.Crim.P. 90 which provides:
A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant ... unless the defendant raises the defect before the conclusion of the summary trial and the defect is prejudicial to the defendant.
This rule has been interpreted to give wide latitude to the Commonwealth in summary criminal proceedings. For example, in *Seeherman v. Commonwealth*, 142 Pa.Commonwealth Ct. 393, 597 A.2d 291 (1991), we held that the failure to include the date upon which a citation was issued did not affect the validity of the conviction based thereon in the absence of "manifest and palpable harm." *Id.* at 397 n. 1, 597 A.2d at 292 n. 1. In *Peeples v. Commonwealth*, 101 Pa.Commonwealth Ct. 23, 515 A.2d 625 (1986), we held that failure to specifically identify in the criminal complaint the local ordinance which

---

**5.** Rule 229 provides that "[t]he court may allow an information to be amended where there is a defect ... provided the information as amended does not charge a different or additional offense."

had been violated could be *cured by amendment* as it was clear from the complaint that the local ordinance was involved. In *Blosenski Disposal Services v. Department of Environmental Services,* 116 Pa.Commonwealth Ct. 315, 543 A.2d 159 (1988), we held that the defendant had failed to show any prejudice resulting from the untimely issuance of citations.

We do not believe that Rule 90 can be used to uphold the conviction in the present case. While applicability of that Rule does in fact allow the Commonwealth some relief from "defects in form, content, or procedure", it may not relieve the Commonwealth of its obligation to formally charge MSG with the crime for which it is convicted [6] unless the conviction is for an offense which is lesser included in the crime actually charged. Because the Commonwealth did not fulfill its obligation to MSG in this regard, the conviction based upon this complaint ipso facto affronts due process and constitutes "manifest and palpable harm". We recognize that if the Commonwealth had sought leave to properly amend the complaint and if the trial court had permitted such amendment, we could reach a different result. However, as the Commonwealth never attempted to amend the complaint, we are not presented with that question. Given the facts of the present case, due process requires that we reverse the judgment of sentence and order that MSG be discharged.

So ordered.

## ORDER

AND NOW, this 25th day of February, 1994 the judgment of sentence dated June 4, 1993 is reversed and MSG Associates, Inc. is discharged.

---

[6]. This is true whether those offenses are charged in a citation or in a complaint.