528 A.2d 647

**COMMONWEALTH of Pennsylvania**

v.

**Lemuel REESE, Appellant.**

Superior Court of Pennsylvania.

Argued June 25, 1986.

Filed June 23, 1987.

554

Edward S. Bianarik, Jr., State College, for appellant.

M. Eileen Tucker, Assistant District Attorney, Bellefonte, for Com., appellee.

Before WIEAND, BECK and WATKINS, JJ.

WIEAND, Judge:

Lemuel Reese has filed an appeal from a judgment of sentence imposed for operating a motor vehicle while his driving privileges were under suspension. The substantive evidence of guilt is great, and Reese has not challenged its

sufficiency. He contends, rather, that his conviction is procedurally defective.

On November 4, 1983, Reese was arrested and charged with driving while his operating privileges were under suspension. The charge was dismissed on procedural grounds by a district justice in Centre County because he believed that the arresting officer had violated Pa.R.Crim.P. 51(A)(1)(a)[1] by failing to issue a citation to Reese at the time of arrest and by causing a citation to be filed thereafter with the issuing authority. The Commonwealth petitioned the court of common pleas and obtained a writ of certiorari directing the district justice to forward the record for review. Upon review, the common pleas court determined that Criminal Rule 51(A)(1)(a) had not been violated. The case, therefore, was remanded to the district justice to hear and determine the case on its merits. On June 29, 1984, Reese was found guilty of driving while his operating privileges were under suspension. He then appealed to the court of common pleas, where a hearing de novo was held. Following that hearing, Reese was again found guilty. Post-trial motions were filed nunc pro tunc, but they were denied and a judgment of sentence was imposed. Reese appealed. He argues (1) that the Commonwealth should not have been allowed to appeal from the order of the district justice dismissing the prosecution and (2) that the prosecution was brought in violation of Pa.R.Crim.P. 51(A)(1)(a). We find no merit in these arguments and affirm the judgment of sentence.

■ The decision of the district justice to dismiss the charge was based on procedural grounds and was entered prior to hearing. It did not pertain to the guilt or innocence of the accused. Therefore, the Commonwealth had a right of appeal. *Commonwealth v. Cruz*, 355 Pa.Super. 176, 178, 512 A.2d 1270, 1270 (1986), citing *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978). How, then, was the Commonwealth to exercise this right of appeal?

1. This rule was rescinded on July 12, 1985, effective January 1, 1986.

The Judicial Code, at 42 Pa.C.S. § 934, provides that "[u]nless and until changed by general rule, the judges of the courts of common pleas ... shall have the power ... to issue writs of certiorari to the minor judiciary." In the instant case, the trial court issued a writ of certiorari to the district justice in order to review the legal basis on which the district justice had caused the charges to be dismissed. This is the function of a writ of certiorari. See: *Commonwealth v. Cook*, 226 Pa.Super. 273, 308 A.2d 151 (1973).

■ Pa.R.Crim.P. 67(g) [2] abolished writs of certiorari only as a means "of appealing from a summary *conviction.*" Where there has been a summary *conviction,* the exclusive means by which a defendant can obtain review by the court of common pleas is by appeal. In such cases, common pleas is mandated to hear the summary charge de novo. See: Pa.R.Crim.P. 67(f).[3]

Where a summary charge has been dismissed on purely procedural grounds, there has been no *conviction.* In such event, an appeal by the Commonwealth and a hearing de novo before the common pleas court are inappropriate. An original hearing before the district justice has not been held, and there has been no conviction. By virtue of its specific language, Rule 67(g) has no application where there has been no *conviction.* We conclude, therefore, that the only feasible means for obtaining common pleas review of a district justice's refusal to hear and decide a summary case on its merits is by certiorari. The trial court did not err when it granted the Commonwealth's request for certiorari in the case sub judice.

■ Appellant was not entitled to have the charge of driving while under suspension dismissed because the arresting officer had failed to issue a citation to him simultaneously with his arrest. The pertinent rule is not Pa.R.

2. Now Pa.R.Crim.P. 86(g).
3. Now Pa.R.Crim.P. 86(f).

Crim.P. 51(A)(1)(a), as appellant contends, but Pa.R.Crim.P. 51(A)(1)(b), which provides as follows:

(b) *A citation* (rather than a complaint) *shall be filed with an issuing authority by a police officer when* the offense charged is a violation of a traffic ordinance or is a summary offense under the Vehicle Code, when the police officer is not in uniform, or when *it is not feasible for him to issue a citation to the defendant,* or when evidence is discovered after the issuance of a citation which gives rise to additional summary charges against the defendant resulting from the same incident. The issuing authority shall thereupon issue a summons and not a warrant of arrest except as provided in Section B(3) of this Rule. (Emphasis added).

The state trooper who stopped appellant was able to use the computer in his vehicle to learn that appellant's operating privileges were under suspension. However, in accordance with the cautionary response given by the computer, the trooper did not rely upon this information. Instead, he elected to delay a citation until he could obtain a certified copy of appellant's official driving record. The citation was filed only after the trooper had obtained this record and had thereby assured himself that appellant's driving privileges were actually under suspension. The conduct of the trooper was commendable; it did not violate either the letter or the intent of the Rules of Criminal Procedure. After he had acquired this essential information, he could properly cause a citation to be filed with the issuing authority. This was precisely the procedure contemplated by Pa.R.Crim.P. 51(A)(1)(b). See: *Commonwealth v. Fischl,* 363 Pa.Super. 173, 525 A.2d 775 (1987).

The evidence in this case demonstrated unequivocally that appellant had been driving a vehicle on a public highway while his license was under suspension. He is not entitled to have his conviction set aside on procedural grounds.

The judgment of sentence is affirmed.