J-S16005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL REIVES | |
| Appellant | No. 1317 EDA 2015 |

Appeal from the Order April 16, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-002431-2014

BEFORE:  OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED FEBRUARY 09, 2016**

Michael Reives ("Appellant") appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his petition for writ of *certiorari*, following his municipal court conviction and judgment of sentence for possession of a small amount of marijuana.[1]  We affirm.

Officer James Conway of the Philadelphia Police Department testified that on July 19, 2014, at 12:25 a.m., while he was in his patrol vehicle with Officer Ernest Powell, he observed Appellant and a few other people sitting on a bench waiting for a bus.  N.T., 12/29/2014, at 8-9, 12.  Officer Conway detected the odor of marijuana and observed Appellant smoking what he believed to be a brown marijuana cigarette.  *Id.* at 9.  Officer Conway and

---

[1] 35 Pa.C.S. § 780-113(a)(31).

Officer Powell approached Appellant. *Id.* After investigating Appellant, Officer Powell recovered a brown marijuana cigarette. *Id.*[2]

On December 29, 2014, the municipal court heard and denied Appellant's motion to suppress physical evidence, found Appellant guilty of possession of marijuana, and ordered him to pay $623.00 for court costs, fines, and lab fees. On January 28, 2015, Appellant filed a writ of *certiorari* requesting the Philadelphia County Court of Common Pleas grant his motion for suppression of physical evidence or reverse his guilty verdict. On April 16, 2015, the trial court denied Appellant's writ of *certiorari*. On April 30, 2015, Appellant filed a notice of appeal. On May 21, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied on June 2, 2015.

Appellant raises the following issue for our review.

> WAS NOT THE EVIDENCE INSUFFICIENT AS A MATTER OF LAW TO ESTABLISH THAT [APPELLANT] WAS GUILTY BEYOND A REASONABLE DOUBT OF THE CRIME OF POSSESSION OF A SMALL AMOUNT OF MARIJUANA, IN THAT THERE WAS NO EVIDENCE THAT HE EVER POSSESSED THE MARIJUANA OR THAT THERE WAS A NEXUS BETWEEN THE RECOVERED MARIJUANA AND [APPELLANT]?

---

[2] Officer Powell did not testify. Officer Conway did not see Officer Powell recover the brown marijuana cigarette from Appellant. He testified only that Officer Powell "investigated" Appellant and recovered a brown marijuana cigarette.

Appellant's Brief at 4.

Appellant argues his conviction was the result of conjecture and suspicion and that the Commonwealth did not present sufficient evidence to prove the elements of his crime of possession beyond a reasonable doubt. We disagree.

A trial court's decision on the issuance of a writ of *certiorari* will not be disturbed absent an abuse of discretion. ***Commonwealth v. Elisco***, 666 A.2d 739, 740 (Pa.Super.1995). "*Certiorari* provides a narrow scope of review in a summary criminal matter and allows review solely for questions of law." ***Id.*** (citing ***Commonwealth v. Cook***, 308 A.2d 151 (Pa.Super.1973); ***Commonwealth v. Reese***, 528 A.2d 647 (Pa.Super.1987)). An appellant can raise a sufficiency of the evidence claim for the first time in a petition for a writ of *certiorari*. ***Commonwealth v. Coleman***, 19 A.3d 1111, 1119 (Pa.Super.2011).

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial

evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super.2011), *appeal denied*, 32 A.3d 1275 (Pa.2011) (quoting *Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super.2005)).

Appellant was convicted under the following statute:

**§ 780-113. Prohibited acts; penalties**

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

*      *      *

(31) Notwithstanding other subsections of this section, (i) the possession of a small amount of marihuana only for personal use; (ii) the possession of a small amount of marihuana with the intent to distribute it but not to sell it; or (iii) the distribution of a small amount of marihuana but not for sale.

For purposes of this subsection, thirty (30) grams of marihuana or eight (8) grams of hashish shall be considered a small amount of marihuana.

35 Pa.C.S. § 780-113(a)(31).

In possession cases, the Commonwealth "may meet its burden by showing actual, constructive, or joint constructive possession of the contraband." *Commonwealth v. Vargas*, 108 A.3d 858, 868

(Pa.Super.2014) (en banc), *appeal denied*, 121 A.3d 496 (Pa.2015) (citing *Commonwealth v. Thompson*, 428 A.2d 223, 224 (Pa.Super.1981)). "If the contraband is not discovered on the defendant's person, the Commonwealth may satisfy its evidentiary burden by proving that the defendant had constructive possession of the drug." *Id.*

> [C]onstructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. The existence of constructive possession of a controlled substance is demonstrated by the ability to exercise a conscious dominion over the illegal substance: the power to control the illegal substance and the intent to exercise that control. An intent to maintain a conscious dominion may be inferred from the totality of the circumstances. Thus, circumstantial evidence may be used to establish constructive possession of the illegal substance. Additionally, our [Supreme] Court has recognized that constructive possession may be found in one or more actors where the item in issue is in an area of joint control and equal access.

*Commonwealth v. Johnson*, 26 A.3d 1078, 1093-94 (Pa.2011) (internal quotations and citations removed).

Here, the trial court reasoned:

> In this case, Officer Conway smelled a strong odor of marijuana coming from the bus bench where Appellant was sitting. He then observed Appellant smoking what looked like a brown marijuana cigarette. Within moments, Officer Powell investigated Appellant and recovered a brown marijuana cigarette. These facts provide both direct and circumstantial evidence sufficient to find Appellant guilty beyond a reasonable doubt.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed July 30, 2015, at 4.

The trial court did not abuse its discretion in determining there was sufficient evidence to enable the court to find every element of possession beyond a reasonable doubt.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2016