J-S55008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| MICHAEL R. BARNA | |
| Appellee | No. 2668 EDA 2015 |

Appeal from the Order August 6, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0021676-2012

BEFORE:  LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:               **FILED AUGUST 09, 2016**

The Commonwealth of Pennsylvania appeals from the order of the Court of Common Pleas of Philadelphia County that granted a writ of certiorari from a judgment of sentence imposed by the Philadelphia Municipal Court following Michael R. Barna's convictions for DUI (impaired ability)[1] and DUI (controlled substance).[2]  After careful review, we affirm based on the opinion of the Honorable Michael E. Erdos.

On May 25, 2012, at 5:25 a.m., Barna was involved in a motor vehicle accident.  When an EMT arrived on the scene he saw needles, syringes and

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(d)(2).

[2] 75 Pa.C.S. § 3802(d)(1).

pills scattered around the vehicle. Believing that Barna was suffering from an opiate overdose, the EMT administered Narcan, which reverses the effects of opiates.

Barna was arrested for DUI and was transported to Hahnemann Hospital. At 6:10 a.m., Philadelphia Police Officer William Lackman arrived at the hospital where medical personnel were stabilizing Barna, who was unconscious and intubated. At Officer Lackman's request, a nurse drew blood from Barna for chemical testing. Officer Lackman did not obtain a warrant before the blood draw.

Barna filed a motion to suppress the blood test results, which the Municipal Court denied on February 24, 2014. Following a non-jury trial, Barna was convicted of the above-referenced offenses and on June 23, 2014, the court sentenced him to 90 to 180 days' incarceration and 18 months' probation.

On October 31, 2014, the Municipal Court granted Barna's request to file a petition for writ of certiorari *nunc pro tunc*. Barna then filed a petition asserting that the seizure of his blood was unlawful.

On August 6, 2015, the trial court granted the writ of certiorari, thus reversing Barna's conviction and vacating his sentence.

The Commonwealth filed this timely appeal,[3] in which it raises the following issue for our review:

> Where police had probable cause to believe that [Barna] had been driving under the influence of a controlled substance, and where [Barna] was unconscious following a car accident, did the lower court err in suppressing drug results based on his failure to express consent notwithstanding the implied consent statute?

Appellant's Brief, at 4.

"A lower court's decision on the issuance of a writ of certiorari will not be disturbed absent an abuse of discretion. Certiorari provides a narrow scope of review in a summary criminal matter and allows review solely for questions of law." *Commonwealth v. Elisco*, 666 A.2d 739, 740 (Pa. Super. 1995) (citations omitted). Because we are reviewing a question of law, our standard of review is *de novo* and our scope of review is plenary. *Bastian v. Sullivan*, 117 A.3d 338, 342 (Pa. Super. 2015).

In his Pa.R.A.P. 1925(a) opinion, Judge Erdos explains that in *Commonwealth v. Myers*, 118 A.3d 1122 (Pa. Super. 2015), this Court held that in the absence of exigent circumstances, police may not obtain a

---

[3] In its statement of jurisdiction, the Commonwealth notes that it has certified that the order on appeal will terminate or substantially handicap the prosecution of the case. *See* Pa.R.A.P. 311(d). However, Rule 311(d) is inapposite because the case has already been prosecuted. While it is possible that the judgment of sentence imposed by the Municipal Court may eventually be affirmed, any further prosecution would violate double jeopardy principles.

blood sample under the implied consent law without a warrant.  Accordingly, the writ of certiorari was granted.

On February 3, 2016, our Supreme Court granted allowance of appeal in **Myers**.[4]  Nevertheless, as the Commonwealth recognizes, this Court's decision in **Myers** "is controlling."  Appellant's Brief, at 5.

We affirm the order granting a writ of certiorari based on the opinion of Judge Erdos.  We direct the parties to attach a copy of that decision in the event of further proceedings in this matter.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/2016

_____

[4] The Supreme Court has docketed the appeal at 7 EAP 2016.

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMON WEALTH OF PENNSYLVANIA    :    MC-51-CR-0021676-2012
:
:
:
:
v.    :
:
MICHAEL BARNA    :    2668 EDA 2015    FILED

MC-51-CR-0021676-2012 Comm. v. Barna, Michael R.
Opinion

OPINION    OCT 2 0 2015

Criminal Appeals Unit
First Judicial District of PA

7359100461

ERDOS, J.

On May 25, 2012, Appellee Michael Barna was arrested and charged with Driving Under

the Influence pursuant to 75 Pa.C.S. § 3802. On, January 14, 2014, Appellee argued a motion to

suppress his drug test results under the Fourth Amendment of United States Constitution and

Article I, § 8 of the Pennsylvania Constitution. This motion was denied by the Honorable Teresa

Carr Deni. Subsequently, after a non-jury trial on March 12, 2014, the Honorable Gerard A.

Kosinski found Appellee guilty. On June 23, 2014, Judge Kosinski sentenced Appellee to 90-

180 days confinement and 18 months of probation. On July 18, 2014, Appellee filed a Writ of

Certiorari to Common Pleas Court. On August 6, 2015, this Court issued an Order granting

Appellee's Writ of Certiorari, thereby vacating Appellee's sentence and reversing Appellee's

conviction. This Commonwealth appeal followed.

FACTS

On May 25, 2012 at around 5:25 a.m., Appellee was involved in an automobile collision.

Notes of Testimony (N.T.) 1/14/14 at 5, 9. Paramedic Officer Yost was dispatched to the scene.

N.T. 1/14/14 at 5. Officer Yost looked inside the vehicle and observed needles, syringes, and

1

pills scattered around. N.T. 1/14/14 at 6. He also observed that Appellee's pupils were pinpoint, indicative of an opiate overdose. N.T. 1/14/14 at 8. Appellee was subsequently arrested for DUI and transported to Hahnemann University. N.T. 1/14/14 at 6-8, 16. Due to his injuries, Appellee was not able to cooperate with or answer questions from paramedics at the scene or during his transport to the hospital. N.T. 1/14/14 at 7, 9. Officer William Lackman of the Accident Investigation District was dispatched at that time to Hahnemann Hospital to conduct a chemical test. N.T. 1/14/14 at 15-16. He arrived at Hahnemann Hospital around 6:10 a.m. and was directed to Appellee, who was located in the trauma bay. N.T. 1/14/14 at 16. At this time, Appellee was being stabilized by four nurses and a doctor; he was already unconscious and intubated. N.T. 1/14/14 at 16. Officer Lackman told the trauma nurse that he needed a blood test from Appellee. N.T. 1/14/14 at 16. The nurse drew Appellee's blood at 6:20 a.m. N.T. 1/14/14 at 17. He was unconscious during the entire process and remained unconscious until later that afternoon. N.T. 1/14/14 at 18-19. Officer Lackman did not call a magistrate or a judge for a warrant for the blood test, as he did not believe a warrant was required. N.T. 1/14/14 18-19. Appellee was neither shown nor signed any forms by Officer Lackman N.T. 1/14/14 at 19-20. Nor did he orally agree to a blood draw. N.T. 1/14/14 at 20.

## DISCUSSION

Appellant raises the following claim on appeal: Did the lower court err in suppressing drug test results based on the unconscious defendant's failure to express consent notwithstanding the implied consent statute?

Pennsylvania's implied consent statute provides:

Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more

2

chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle: (1) in violation of section... 3802 (relating to driving under influence of alcohol or controlled substance). 75 Pa.C.S. § 1547(a)(1).

Moreover, § 1547(b)(1) commands that "[i]f any person placed under arrest for a violation of section 3802 is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person... ." 75 Pa.C.S. § 1547(b)(1).

The standard for review for a suppression order is well-settled. While the appellate court defers to the suppression court's findings of fact, the suppression court's conclusions of law are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts. *Commonwealth v. Hudson*, 92 A.3d 1235, 1241 (Pa. Super. 2014).

The Superior Court recently addressed the issue of an unconscious blood draw against the backdrop of Pennsylvania's implied consent law. *See Commonwealth v.* Myers, 118 A.3d 1122 (Pa. Super. 2015), *reargument denied* (Aug. 7, 2015). Myers was arrested for driving under the influence sometime around 3:30 p.m., transported to the hospital, and was unconscious and unresponsive upon the arrival of police officers around 4:45 p.m. *Id.* at 1123-24. An officer attempted to speak with Myers at the hospital and proceeded to read him the standard informed consent warnings, to which Myers did not respond due to his unconscious state. *Id.* at 1124. The officers did not request a warrant before the blood draw; rather, they requested a warrantless blood draw, which was performed at 5:01 p.m. *Id.*

Myers was subsequently charged with DUI under 75 Pa.C.S. §3802(a). *Id.* at 1123. The Philadelphia Municipal Court suppressed test results from the warrantless blood draw and

3

the Philadelphia Court of Common Pleas denied relief from that order. *Id.* The Superior Court affirmed.

The *Myers* Court relied on *Missouri v. McNeely*, 113 S.Ct. 1552 (2013), in which the Supreme Court of the United States held that "in drunk-driving investigations, the natural dissipation of alcohol in the bloodstream does not constitute an exigency in every case sufficient to justify conducting a blood test without a warrant." 113 S.Ct. at 1568. Further, the *McNeely* Court found that "in those driving situations where police officers can reasonably obtain a warrant before a blood sample can be drawn without significantly undermining the efficacy of the search, the Fourth Amendment mandates that they do so." *Id.* at 1561. The High Court also stated that the totality of the circumstances must be considered when determining whether a warrantless blood draw is reasonable. *Id.* at 1563.

The *Myers* Court concluded that the blood test results from the defendant had been properly suppressed because there was no exigency -- dissipation of alcohol in the bloodstream or otherwise -- justifying the warrantless blood draw. 118 A.3d at 1127. The Court acknowledged that *McNeely* had not addressed the issue of Pennsylvania's implied consent statute but stressed that because Myers was unconscious at the time of the blood test, he did not have the opportunity to refuse the testing and thereby "claim the statutory protection of Section 1547(b)(1)." *Id.* at 1127-30.

Here, similar to Myers, Appellee was arrested for DUI. And like Myers, Appellee was unconscious and unresponsive at the time of the blood draw. Thus, Appellee did not consent to the blood test, nor was he able to refuse his consent to the test under Pennsylvania's implied consent statute, 75 Pa.C.S. § 1547. Further, Officer Lackman did not obtain a warrant before requesting the blood draw. Appellee was arrested around 5:25 a.m. and his blood test was not

4

performed until 6:20 a.m.; an hour had elapsed in which the officer could have obtained a warrant. Finally, no exigency appears on the record in the instant case that would justify a warrantless blood draw. Thus, based on *Myers* and the facts presented here, Appellee's blood was improperly obtained by the Commonwealth.[1]

## CONCLUSION:

*Myers* controls in the instant matter. Accordingly, this Court did not err in granting Appellee's Writ of Certiorari, and its decision should be affirmed.

\#BY THE COURT:

_____

MICHAEL E. ERDOS     J.

---

[1] This Court also finds persuasive the opinion of the Idaho Supreme Court in *State v. Wulff*, 337 P.3d 575 (Idaho 2014). That *Wulff* Court reasoned that allowing an implied consent statute to serve as a per se exception to the warrant requirement would render *McNeely* hollow. *Id.* at 579-82. Indeed, the *McNeely* dictate that there must be a true exigency in order for a warrantless, nonconsensual blood test to pass constitutional muster would not count for much if a state's implied consent law sufficed to fill the gap.

The *Wulff* Court also found instructive that the Supreme Court of the United States had 1) recently vacated a judgment of sentence in a separate case where the Texas Court of Appeals had found that the state's implied consent statute was an exception to the warrant requirement and 2) remanded the case "for further consideration in light of *Missouri v. McNeely*." *Id.* at 580-81 (*citing* and *quoting Aviles v. State*, 134 S.Ct. 902 (2014)). The *Wulff* Court reasonably interpreted the vacation and remand as foreshadowing that the High Court will find that an implied consent statute does not override or satisfy the *McNeely* test.

5