J-A06018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH J. LAROSA | : | |
| | : | |
| Appellant | : | No. 97 EDA 2024 |

Appeal from the Order Entered December 11, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0014797-2016

BEFORE: PANELLA, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED MARCH 3, 2025**

Appellant Joseph J. Larosa appeals from the Order entered on December 11, 2023, in the Philadelphia Court of Common Pleas which denied his petition for a writ of *certiorari*[1] following his guilty plea to DUI-Controlled Substances in the Philadelphia County Municipal Court. Appellant argues that the Court of Common Pleas ("*certiorari* court") erred by rejecting his claims supporting his pre-sentence motion to withdraw his guilty plea. We affirm.

The facts presented at Appellant's guilty plea hearing on August 9, 2017, are as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] An order filed in the Philadelphia Court of Common Pleas denying a petition for writ of *certiorari* confirms a judgment of sentence imposed by the Philadelphia Municipal Court and renders the judgment of sentence final for purposes of appeal. *See*, *e.g.*, **Commonwealth v. Stilo**, 138 A.3d 33, 34 (Pa. Super. 2016); **Commonwealth v. Stauffenberg**, 318 A.3d 399, 401 (Pa. Super. 2024).

> [O]n May 21, 2016, at approximately 3:30 a.m. Police Officer Hudson observed [Appellant] operating a motor vehicle and make a right turn onto Allegheny Avenue at C Street in Philadelphia without using a left turn signal and while drifting in and out of the eastbound lane.
>
> Police Officer Huson activated his lights and siren. He noticed [that Appellant] was sweating profusely, blood covering his nostrils and fingertips. He had bloody, chapped lips.
>
> Eventually, [Appellant] identified himself and [ ] was slurring his words, and the officer had to repeat questions several times.
>
> The officer noticed a small bulb and copper wiring which in the officer's experience was consistent with people using crack pipes and smoking it, and it was in the center console.
>
> The police officer asked [Appellant] to step out of the vehicle[.] [Appellant] stumbled while walking to the front of the vehicle. He was asked to place his hands on the hood. Instead, he placed his hands on the mirror.
>
> At that point the police officer determined that [Appellant] was impaired and under the influence of a controlled substance to the extent it impair[ed] safe operation, and he place[d] him under arrest.

N.T. Plea Hr'g, 8/9/17, at 10-11.

The Commonwealth charged Appellant with DUI Controlled Substances,[2] and the Municipal Court scheduled his trial for July 19, 2016. Following several continuances and the issuance of two bench warrants, Appellant appeared with counsel on August 9, 2017, to enter

---

[2] 75 Pa.C.S. § 3802(d)(2).

his negotiated guilty plea based on the above facts. Before he could be sentenced, however, Appellant absconded for six years.

Appellant appeared in Municipal Court with counsel in March 2023, and the court scheduled his sentencing hearing for April 2023. The court subsequently granted a continuance to May 8, 2023.

On May 8, 2023, Appellant appeared with counsel for sentencing before Municipal Court Judge William A. Meehan, Jr., and orally moved to withdraw his guilty plea as unknowingly entered because plea counsel failed to inform him of **Birchfield**.[3] Counsel argued that if Appellant had known about **Birchfield** in 2016 following his arrest, he would have been entitled to file a successful suppression motion rather than enter a negotiated guilty plea. Notably, Appellant presented no evidence that Appellant signed a consent form that **Birchfield** would later hold as unconstitutionally coercive or even that he underwent a blood draw following his arrest. The Commonwealth opposed the motion, noting that the negotiated plea had been entered 6 years prior, that Appellant absconded for those 6 years, and that it was unlikely the police officers

---

[3] **Birchfield v. North Dakota**, 579 U.S. 438 (2016). In **Birchfield**, the United States Supreme Court held that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." **Id.** at 477. In **Commonwealth v. Ennels**, 167 A.3d 716, 724 (Pa. Super. 2017), this Court held that Pennsylvania's implied consent scheme was unconstitutional insofar as it threatened to impose enhanced criminal penalties for the refusal to submit to a blood test.

involved would remember the incident leading to Appellant's arrest and might no longer be employed on the police force.

Judge Meehan denied Appellant's motion and proceeded to sentencing. Following argument by counsel and a statement from Appellant regarding the steps he has taken to address his drug and alcohol addictions, the court sentenced Appellant to the mandatory minimum term of 3 to 6 days' incarceration, with release after 3 days as negotiated, and a concurrent term of 6 months' probation, with credit for time served and immediate parole.[4]  Appellant did not file a written post-sentence motion to withdraw his guilty plea, as required by Pa.R.Crim.P. 1007.

Within 30 days, he filed a petition for a writ of *certiorari* with the Court of Common Pleas seeking review of the denial of his oral motion to withdraw his guilty plea. Following a hearing, the *certiorari* court entered an order on December 11, 2023, summarily denying the writ.

Appellant appealed to this Court. Both Appellant and the *certiorari* court complied with Pa.R.A.P. 1925.

Appellant presents the following Statement of Question Involved:

> Whether the lower courts abused their discretion when they denied [Appellant's] presentence request to withdraw his guilty plea to Driving Under the Influence, where [Appellant] accepted the plea agreement without having been counseled that ***Birchfield v. North Dakota***, 570 U.S. 438 (2016), entitles him

_____

[4] ***See*** N.T. Sent'g, 5/8/23, at 19.

- 4 -

to suppression of blood evidence and results of chemical testing, and therefore he did not enter the guilty plea knowingly, intelligently, and voluntarily, and the prosecution failed to establish it would suffer substantial prejudice should the court permit [Appellant] to withdraw his plea and proceed to trial?

Appellant's Br. at 2-3.

\*

As a first matter, it is well-settled that "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver." **Commonwealth v. Lincoln**, 72 A.3d 606, 609–10 (Pa. Super. 2013) (citations omitted); **see also** Pa.R.Crim.P. 1007 (stating that any objections related to the validity of a plea agreement must be raised in a post-sentence motion). Since the *certiorari* court acts as an appellate court in reviewing the municipal court's ruling, *see infra*, an accused's failure to comply with Rule 1007 would support a finding of waiver. Although the *certiorari* court in the instant case recognized Appellant's failure to file a Rule 1007 motion, it nonetheless addressed the merits of his claims after noting that the Commonwealth did not raise this procedural defect as a reason to deny the motion for a writ of *certiorari*. We likewise decline to find waiver. **See** Pa.R.Crim.P. 101(A)-(B) (Rules of Criminal Procedure "are intended to provide for the just determination of every criminal proceeding" and "shall be construed to secure ... fairness in administration"). We, thus, proceed to address the merits of this appeal.

\*

When a defendant files a writ of *certiorari* with the Court of Common Pleas, instead of an appeal for a trial *de novo*, review is limited. In reviewing a writ of *certiorari*, the Court of Common Pleas "sits as an appellate court." ***Commonwealth v. Beaufort***, 112 A.3d 1267, 1269 (Pa. Super. 2015) (citation omitted). A "petition for writ of *certiorari* asks the Common Pleas Court to review the record made in the Municipal Court." ***Id.*** *(citation omitted)*. "*Certiorari* provides a narrow scope of review in a summary criminal matter and allows review solely for questions of law." ***Commonwealth v. Sears***, 311 A.3d 34, 38 (Pa. Super. 2024) (citation omitted). A lower court's decision on the issuance or denial of a writ of *certiorari* will not be disturbed absent an abuse of discretion. ***Commonwealth v. Elisco****,* 666 A.2d 739, 740 (Pa. Super. 1995).

In seeking to withdraw a guilty plea prior to sentencing, a defendant must first make a claim of innocence that is "at least plausible." ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1292 (Pa. 2015). A defendant "need not prove his or her innocence. The defendant need only proffer a 'colorable' or 'plausible' claim of innocence[.]" ***Commonwealth v. Islas***, 156 A.3d 1185, 1191 (Pa. Super. 2017). When a claim of innocence is proffered, "trial courts assess the plausibility of claims of innocence." ***Commonwealth v. Norton***, 201 A.3d 112, 121 (Pa. 2019).

In addition to proffering a "colorable" or "plausible" claim of innocence, a defendant seeking to withdraw his guilty plea before sentencing must

present a "fair and just reason" to withdraw his plea and establish that the Commonwealth will not suffer substantial prejudice. *Id.* at 120 (quoting *Carrasquillo*, 115 A.3d at 1292). *See also Commonwealth v. Johnson-Daniels*, 167 A.3d 17, 24 (Pa. Super. 2017) (same).

Finally, "[a] defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the [Commonwealth's] case[.]" *Brady v. United States*, 397 U.S. 742, 757 (1970).

\*

Here, Appellant has not asserted any claim of innocence. He argues that his "invocation of the *Birchfield* decision, even absent a presentation of extrinsic evidence that would support suppression, is a fair and just reason for allowing [Appellant] to withdraw a guilty plea" because, without knowledge of *Birchfield*, his plea could not have been "knowingly, intelligently, and voluntarily enter[ed]." Appellant's Br. at 17-18. He contends that he "now believes—having received appropriate guidance from his legal representation—that he is entitled to suppression of the blood evidence." *Id*. at 18. Appellant also contends that the Commonwealth did not establish that it would suffer "substantial prejudice" if he were allowed to withdraw his plea and proceed to trial. Appellant's Br. at 11-14.

In rejecting Appellant's pre-sentence request to withdraw his guilty plea, the Municipal Court observed that Appellant made "not even an allegation of innocence." N.T. Sent'g, 5/8/23, at 10. The court further noted that Appellant

entered his plea knowingly, voluntarily, and intelligently six years prior to the sentencing, "there were no issues on his part about what he did," and that Appellant understood then that the negotiated plea ended the prosecution. *Id*. at 12. The Municipal Court also opined that because Appellant did not preserve the constitutional issue underlying **Birchfield** at any point, he could not avail himself of the change in the law to obtain relief. *Id.* at 10-12. With respect to the prejudice inuring to the Commonwealth if Appellant were allowed to withdraw his plea, the court observed that "common sense tells you six years is going to affect the memory [of the witnesses] going back. And actually it's even longer because the arrest took place seven years ago." *Id.* at 15-16.

In its Rule 1925(a) Opinion, the *certiorari* court explained that, in denying Appellant's motion for a writ, it reviewed the record developed in the Municipal Court and found no abuse of discretion in that court's denial of Appellant's request. *Cert*. Ct. Op., 7/12/24, at 7. After reiterating the Municipal Court's findings of fact, including Appellant's failure to assert a claim of innocence, the *certiorari* court agreed that Appellant "did not articulate whether or how the **Birchfield** holding would have affected the outcome of his case[.]" *Id.* at 7. The court further observed that, in fact, "[t]here is no evidence in the record to indicate that [Appellant's] blood was drawn, that it was drawn without a warrant or consent, or that [Appellant] may have been informed that he was subject to increased criminal penalties had he refused to provide a blood sample." *Id.* Finally, the *certiorari* court concluded that

"even if ***Birchfield*** may have had a material bearing on [Appellant's] case, it still would not provide a fair and just basis to allow a withdrawal of a plea" where he was represented by competent counsel. ***Id***. at 8.[5]

Based on our review, we discern no abuse of discretion in the *certiorari* court's denial of Appellant's motion for a writ. Most significantly, Appellant has not provided any claim of innocence. Without that prerequisite foundational claim, there is no basis to conclude his reasons for withdrawing his negotiated plea are "fair and just."

Moreover, as both lower courts observed, Appellant presented no evidence during the municipal court hearing to support his claim that the blood draw was the result of a consent coerced under threat of criminal punishment. Further, we observe that because Appellant entered a negotiated plea that both lower courts found to be valid, he waived his right to challenge the blood draw as non-consensual. ***See Commonwealth v. Morrison***, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted) ("Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea.").

_____

[5] Although the *certiorari* court opined that Appellant could have brought an ineffective assistance of counsel claim under the Post-Conviction Relief Act (PCRA) "rather than as a basis to withdraw a guilty plea," since Appellant filed his motion to withdraw his plea prior to sentencing, the PCRA was not yet available to him as a vehicle for seeking relief. *Cert*. Ct. Op., at 7. However, since Appellant was serving his probationary term immediately following his sentencing, he could have filed a PCRA petition, rather than a writ of *certiorari*, to obtain relief based on counsel's failure to inform him of ***Birchfield***. Whether he would have obtained relief on an ineffectiveness claim is beyond the scope of this review.

We are not convinced that Appellant's speculative assertion—that if he had known about *Birchfield*, he would not have entered a guilty plea—provides any reason to find error or an abuse of discretion in either the Municipal Court's or the *certiorari* court's disposition of his pre-sentence motion to withdraw his guilty plea.

Accordingly, we affirm the *certiorari* court's order denying Appellant's motion for a writ of *certiorari*.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/3/2025