J. A03037/17

2017 PA Super 139

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                        :            PENNSYLVANIA
                                        :
                                        :
                                        :
              v.                       :
                                        :

JOSEPH MICHAEL NOSS,             :
                                        :
            Appellant           :       No. 119 MDA 2016

Appeal from the Order Entered December 15, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-MD-0001045-2015

BEFORE: LAZARUS, J., STABILE, J., and DUBOW, J.

OPINION BY DUBOW, J.:                        **FILED MAY 09, 2017**

      Appellant, Joseph Michael Noss, appeals from the December 15, 2015 Order, which granted the Commonwealth's Petition for Writ of *Certiorari* and vacated Appellant's guilty plea. Upon careful review, we affirm.

      On July 16, 2015, Appellant was charged with Aggravated Assault, a felony, Resisting Arrest, Simple Assault, and Harassment[1] following allegations that he engaged in a violent argument with his paramour. Assistant District Attorney ("ADA") Cara Solimine signed the Complaint approving the charges. Police Officer Kara Kroll and Police Officer Joseph Koch signed the Complaint as co-affiants.

_____

[1] 18 Pa.C.S. § 2702; 18 Pa.C.S. § 5104; 18 Pa.C.S. § 2701; and 18 Pa.C.S. § 2709, respectively.

The Magistrate's Office initially scheduled the preliminary hearing on July 22, 2015. On that date, Magisterial District Judge ("MDJ") Donald Whittaker continued the hearing until August 25, 2015, at the request of the Nanticoke Police Chief. ADA Solimine was present.

On August 20, 2015, ADA Solimine requested a continuance due to a conflict in her schedule. MDJ Whittaker granted the continuance and rescheduled the hearing to September 2, 2015, at 2:15 PM.

On September 2, 2015, at approximately 1:40 PM, Assistant Public Defender ("PD") John Donovan informed MDJ Whittaker that the parties had an agreement to present to MDJ Whittaker. PD Donovan, Officer Kroll, and Appellant were present. ADA Solimine was not present and no other ADA was present.

PD Donovan informed MDJ Whittaker that there was an agreement to allow Appellant to plead guilty to a Disorderly Conduct charge, a misdemeanor of the third degree, and to sentence Appellant to time-served. MDJ Whittaker asked Officer Kroll if she agreed to the "reduced charge" and she responded in the affirmative. The parties did not address whether the District Attorney's Office authorized the guilty plea to a "reduced charge." MDJ Whittaker accepted the agreement. Appellant pleaded guilty only to

Disorderly Conduct as a misdemeanor of the third degree[2], and MDJ Whittaker sentenced Appellant to time-served.

At approximately 2:15 PM, the scheduled time for the preliminary hearing, both ADA Solimine and Officer Koch arrived to the MDJ's office, where they were informed that the matter was complete.

On September 18, 2015, the Commonwealth filed a Petition for Writ of *Certiorari*, or in the alternative a Notice of Appeal.

On December 15, 2015, after a review of the record, a hearing, and oral argument, the trial court granted the Petition for Writ of *Certiorari*, vacated Appellant's guilty plea, and reinstated all charges.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Whether the trial court erred in finding [Appellant] pled guilty to a "reduced charge" before the Magisterial District Judge where the designee of the Commonwealth withdrew charges and amended the Complaint to add a charge of Disorderly Conduct, a misdemeanor of the third degree?

2. Whether the trial court erred in granting the Commonwealth's Petition for Writ of *Certiorari* where the Commonwealth's Petition was unsupported by the magisterial record and depended on disputed factual matters, rather than pure questions of law?

3. Whether the trial court abused its discretion by vacating [Appellant]'s guilty plea and sentence before the Magisterial District Court and by reinstating charges withdrawn by the

---

[2] 18 Pa.C.S. § 5503.

Commonwealth, in violation of the Double Jeopardy Clauses of the Unite[d] States and Pennsylvania Constitutions?

4. Whether the trial court abused its discretion in granting the Commonwealth's Petition for Writ of *Certiorari* without finding that the Magisterial District Judge abused his discretion or lacked jurisdiction?

Appellant's Brief at 3 (reordered for ease of disposition) (some capitalization omitted).

We will not disturb the lower court's issuance of a writ of *certiorari* unless we find an abuse of discretion. **Commonwealth v. Elisco**, 666 A.2d 739, 740 (Pa. Super. 1995). We recognize that "[c]*ertiorari* provides a narrow scope of review in a summary criminal matter and allows review solely for questions of law." **Id.** (citations omitted). Since our review is solely the review of questions of law, the standard of review is *de novo* and our scope of review is plenary. **Bastian v. Sullivan**, 117 A.3d 338, 342–43 (Pa. Super. 2015).

Appellant's first issue is whether the trial court erred in finding that Appellant pleaded guilty to a "reduced charge" before the MDJ where a "designee of the Commonwealth[,]" *i.e.* Officer Kroll, "withdrew charges and amended the Complaint to add a charge of Disorderly Conduct, a misdemeanor of the third degree[.]" Appellant's Brief at 3.

Section 1515 of the Judicial Code provides MDJs jurisdiction over crimes categorized as misdemeanors of the third degree, provided the following criteria are met:

**(A) The misdemeanor is not the result of a reduced charge.**
(B) Any personal injury or property damage is less than $500.
(C) The defendant pleads guilty.
(D) The defendant is not subject to the provisions of Chapter 63.

42 Pa.C.S. § 1515(a)(6)(i)(A)-(D) (emphasis added).

In the instant case, Appellant was originally facing charges of Aggravated Assault and related charges. Aggravated Assault is graded as either a felony of the first or second degree. 18 Pa.C.S. § 2702(b). Appellant pleaded guilty to Disorderly Conduct as a misdemeanor of the third degree, a crime that the Commonwealth did not originally charge and a crime that carries a reduced grading. A plain reading of Section 1515 clearly provides that because Appellant pleaded guilty to a misdemeanor of the third degree, a reduced charge, the MDJ lacked jurisdiction to hear the plea. *See* 42 Pa.C.S. § 1515(a)(6)(i)(A).

Appellant argues that the trial court misapplied Section 1515 and that "the most natural, commonsense interpretation of 'reduced charge' is a charge reduced *sua sponte* by a [MDJ] following a preliminary hearing." Appellant's Brief at 9. We disagree.

"When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). The language of Section 1515 reads, in pertinent part, that MDJs shall have jurisdiction over "[o]ffenses under Title 18 (crimes and offenses) . . . which are classified as misdemeanors of the third degree, if the following criteria are met: (A) The misdemeanor is **not** the result of a

reduced charge." 42 Pa.C.S. § 1515(a)(6)(i)(A) (emphasis added). Contrary to Appellant's argument, the language is not ambiguous.

Appellant further avers that Officer Kroll was a designee of the Commonwealth, and that Officer Kroll had the authority to withdraw the original felony charge and agree to allow Appellant to plead guilty to a new, lesser charge of Disorderly Conduct as a misdemeanor of the third degree. Appellant's Brief at 21.

Rule 551 of the Pennsylvania Rules of Criminal Procedure provides that only "the attorney for the Commonwealth, or his or her designee," may withdraw charges and "[t]he withdrawal shall be in writing." Pa.R.Crim.P. 551. Appellant offers no rule, regulation, statute, case, or evidence to support the position that a police officer is automatically a designee of an attorney for the Commonwealth pursuant to Pa.R.Crim.P. 551.

ADA Solimine signed the arrest Complaint, appeared at the first preliminary hearing, personally requested one continuance, and appeared at the rescheduled preliminary hearing at the designated time. ADA Solimine did not speak with Officer Kroll prior to the hearing. ADA Solimine was clearly the attorney for the Commonwealth on this case, and there is no evidence that she authorized Officer Kroll to withdraw charges as her designee. Thus, Officer Kroll was not a designee of the Commonwealth pursuant to Pa.R.Crim.P. 551.

In his second issue on appeal, Appellant claims that the trial court abused its discretion when it granted the Commonwealth's Petition for Writ of *Certiorari*. Appellant's Brief at 10. Appellant avers that it was improper to grant *certiorari* where there was no record of the proceedings before the MDJ and where the Commonwealth's Petition depended on disputed facts. *Id.* at 10-11.

We reiterate that "*[c]ertiorari* provides a narrow scope of review in a summary criminal matter and allows review solely for questions of law." *Elisco, supra* at 740 (citations omitted). Consequently, "[q]uestions of fact, admissibility, sufficiency or relevancy of evidence questions may not be entertained by the reviewing court on *certiorari*." *Id.* at 740–41 (citation omitted).

Appellant argues that because there are disputed facts in this case, the trial court should not have granted *certiorari.* The trial court acknowledged that "[t]here is conflicting testimony as to [how] and if a negotiated plea was reached." Trial Court Opinion, filed 7/28/16, at 3. However, the trial court explained that it granted *certiorari* based on a question of jurisdiction: "it is clear that the decision by [this] court [is] not based on any disputed facts but rather as to whether the [MDJ] had jurisdiction to enter an order and dismiss charges." *Id.* at 17.

Undoubtedly, issues pertaining to jurisdiction are pure questions of law. *Commonwealth v. John*, 854 A.2d 591, 593 (Pa. Super. 2004). The

trial court's grant of *certiorari* was based on the undisputed fact that the MDJ accepted a plea to a reduced charge. The trial court properly applied this undisputed fact to the language of Section 1515 and concluded that the MDJ lacked jurisdiction to accept the plea. ***See*** 42 Pa.C.S. § 1515(a)(6)(i)(A). This was a legal conclusion and the disputed facts about the events leading to the plea are irrelevant to the analysis about jurisdiction. Accordingly, we find no abuse of discretion in the trial court's grant of *certiorari*.

Appellant next avers that the trial court violated the double jeopardy clauses of the United States and Pennsylvania Constitutions when it reinstated charges after the MDJ accepted the guilty plea and sentenced Appellant. Appellant's Brief at 22. We disagree.

It is well settled that "[t]he double jeopardy protections afforded by the United States and Pennsylvania Constitutions are coextensive and prohibit successive prosecutions and multiple punishments for the same offense." ***Commonwealth v. States***, 891 A.2d 737, 741 (Pa. Super. 2005) (citations omitted); ***see also*** U.S. Const. amend. V and Pa. Const. art. I, § 10. "We employ a unitary analysis of the state and federal double jeopardy clauses since the protections afforded by each constitution are identical." ***Commonwealth v. Keenan***, 530 A.2d 90, 93 (Pa. Super. 1987) (citations omitted). "The protections afforded by double jeopardy are generally recognized to fall within three categories - (1) protection against a second prosecution for the same offense after an acquittal; (2) protection against a

second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense." *Id.* (citations omitted).

In a case in which a court lacks subject matter jurisdiction to adjudicate criminal charges, no jeopardy attaches and there is no bar to a second prosecution. *Id.* at 93–94; *see United States v. Tateo*, 377 U.S. 463, 465 (1964) (the Fifth Amendment does not preclude retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction); *see also Commonwealth v. Oliver*, 869 A.2d 1167, 1170 (Pa. Cmwlth. 2005) (determining that proceedings before the MDJ were a legal nullity because the MDJ had lacked jurisdiction, and thus, jeopardy never attached).

In the instant case, the MDJ lacked jurisdiction to accept Appellant's guilty plea, so the plea was a legal nullity and jeopardy did not attach. Accordingly, we find that the trial court did not violate the double jeopardy clauses of the United States and Pennsylvania Constitutions.

In his final issue, Appellant asserts that the trial court erred in granting the Commonwealth's Petition for Writ of *Certiorari* without finding that the MDJ abused his discretion or lacked jurisdiction. Appellant's Brief at 3. While Appellant raises this issue in his Statement of Issues section, he fails to develop the issue or mention the issue whatsoever in his Argument

section.   Accordingly, we find this issue to be waived.[3]   *See Lackner v.*
*Glosser*, 892 A.2d 21, 29-30 (Pa. Super. 2006) ("arguments which are not
appropriately developed are waived").

In conclusion, the trial court properly granted the Commonwealth's
Writ of *Certiorari* and determined as a matter of law that the MDJ lacked
jurisdiction to accept Appellant's guilty plea because the plea was the result
of a reduced charge.   Therefore, the trial court properly vacated Appellant's
guilty plea and sentence and reinstated all of the original charges.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2017

---

[3] In the alternative, this issue lacks merit.   In its 1925(a) Opinion, the trial
court stated, "[b]y granting the Commonwealth's motion and vacating the
guilty plea and sentence, the trial court determined that as a matter of law
the [MDJ] did not have jurisdiction and therefore abused its discretion."
Trial Court Opinion, filed 7/28/16, at 13.   The trial court **did** find that the
MDJ abused his discretion and lacked jurisdiction and, thus, this issue lacks
merit.