**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PETER I. SHAH, JUHI P. SHAH, JANUM MANAGEMENT, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM I. SMEAL AND DEBORAH K. SMEAL, HIS WIFE | : | No. 524 WDA 2019 |
| | : | |
| | : | |
| APPEAL OF: PETER I. SHAH | : | |

Appeal from the Order Entered March 11, 2019
In the Court of Common Pleas of Clearfield County Civil Division at
No(s):  2018-2097-CD

BEFORE:   GANTMAN, P.J.E., LAZARUS, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:          **FILED JANUARY 06, 2020**

Peter I. Shah appeals from the order, entered in the Court of Common Pleas of Clearfield County, sustaining William I. Smeal's and Deborah K. Smeal's (collectively, the Smeals) preliminary objections.  After careful review, we quash Shah's appeal.

Shah's appeal concerns a parcel of real estate in Clearfield County.  He filed a *pro se* complaint on December 13, 2018, which included Juhi P. Shah (Juhi), and Janum Management, LLC (Janum) as plaintiffs.  The Smeals filed preliminary objections alleging several errors, including Shah's inability to

_____

[*] Retired Senior Judge assigned to the Superior Court.

represent third parties *pro se*,[1] a previous quiet title order against Janum, and several errors related to the complaint, including a lack of verification, improper service, and insufficient specificity. The court sustained the Smeals' preliminary objections on March 11, 2019. Shah continued to file documents, including "evidence of fraud" and an amended complaint, requiring the court to issue an order on April 9, 2019, stating "the Court's [o]rder of March 11, 2019 . . . speaks for itself. It granted the [Smeals'] [p]reliminary [o]bjections and [d]ismissed the case." Order, 4/9/19, at 1. Shah timely filed a notice of appeal of the court's March 11, 2019 order on April 10, 2019. Both Shah and the court complied with Pa.R.A.P. 1925.

Due to marked defects in Shah's *pro se* brief, we are unable to identify what, if any, discrete claims he raises. **See** Pa.R.A.P. 2101; **see also Wilkins v. Marsico**, 903 A.2d 1281, 1284–85 (Pa. Super. 2006) (quotation omitted) ("Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant."). Shah failed to include the following in his brief: a statement of the case containing facts relevant to the instant appeal; a statement of questions involved

---

[1] Shah, a non-lawyer, purporting to represent either Juhi or Janum would constitute the unauthorized practice of law. **See Harkness v. Unemployment Compensation Bd. Of Review**, 920 A.2d 162, 167 (Pa. 2007) (noting, *inter alia*, "the preparation of documents for clients requiring familiarity with legal principles beyond the ken of ordinary laypersons" as practice of law); **see also David R. Nicholson, Builder, LLC v. Jablonski**, 163 A.3d 1048, 1054 (Pa. Super. 2017) ("LLC entities, generally, may not proceed in Pennsylvania courts of common pleas except through a licensed attorney.").

delineating his claims; or an argument section with citations to pertinent authority in support of his claims. **See** Brief of Appellant, at 1–18; **see also** Pa.R.A.P 2111 (outlining briefing requirements). We are unable to determine precisely what errors Shah alleges; we, therefore, quash his appeal. **Compare Smathers v. Smathers**, 670 A.2d 1159, 1160 (Pa. Super. 1996) ("When the omission of the statement of questions presented is combined with the lack of any organized and developed arguments, it becomes clear that appellant's brief is insufficient to allow us to conduct meaningful judicial review.") **with Kern v. Kern** 892 A.2d 1, 5–6 (Pa. Super. 2005) ("[A]s a practical matter, this Court quashes appeals for failure to conform to the Rules of Appellate Procedure only where the failure to conform to the Rules results in the inability of this Court to discern the issues argued on appeal.")

Appeal quashed.[2]

---

[2] Without delving into the merits of Shah's appeal, we note, with no small amount of incredulity, the Smeals' request to dismiss the instant appeal on grounds of double jeopardy. **See** Brief of Appellant, at 6 ("Double [j]eopardy is a legal doctrine most commonly used in criminal cases; however it can be applied to any type of transaction or omission.") (citing **Com. of Pa., Dept. of Environmental Resources v. Monarch Pallet Corp.**, 532 A.2d 1246, 1246 (Pa. Cmmw. 1987) (concerning a corporation *found guilty* of violating Air Pollution Control Act)). Contrary to the Smeals' assertion, double jeopardy is a doctrine that *only* applies to criminal law, not to the instant quiet title action. **See Commonwealth v. Noss**, 162 A.3d 503, 509 (Pa. 2017) ("The protections afforded by double jeopardy are generally recognized to fall within three categories—(1) protection against a second prosecution for the same offense after an acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense.").

J-S68017-19

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/6/2020

- 4 -