J-S34008-21

2022 PA Super 11

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
ROBERT ANTHONY MILLER   :
  :
Appellant   :   No. 1524 MDA 2020

Appeal from the Order Entered November 9, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-MD-0000695-2020

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

OPINION BY DUBOW, J.:                **FILED JANUARY 24, 2022**

Appellant, Robert Anthony Miller, appeals from the November 9, 2020 Order granting the Commonwealth's Petition for Writ of *Certiorari* and denying Appellant's request to dismiss the charges against him on double jeopardy grounds. After careful review, we affirm.

The relevant facts and procedural history, as gleaned from the trial court's November 9, 2020 Factual Findings and Legal Conclusions ("Opinion") and the limited record,[1] are as follows. On January 3, 2020, the Commonwealth charged Appellant with Retail Theft, graded as a felony,[2]

---

[1] For reasons articulated *infra*, *t*he procedural and factual history of this case spans three lower court docket numbers. The record submitted in this appeal, however, pertains only to the docket in which the trial court entered the order now on appeal. We rely on the representations of the parties and the trial court for our understanding of the matters that transpired at the two earlier dockets that ultimately, gave rise to this appeal.

[2] 18 Pa.C.S. § 3929(a)(1).

following his December 19, 2019 arrest by Pittstown Police Officer Rudy Navarro.

On February 18, 2020, Appellant appeared at a preliminary hearing on the felony Retail Theft charge, represented by counsel. Officer Navarro was present at the hearing, but the Commonwealth was not represented by a member of the District Attorney's office. At or just before the hearing, Officer Navarro agreed to withdraw the felony Retail Theft charge in exchange for Appellant's guilty plea to the reduced charge of Retail Theft graded as a summary offense. The Magisterial District Judge ("MDJ") accepted the plea. Officer Navarro made this agreement with Appellant without approval from the District Attorney's office.

Nearly one month later, on March 13, 2020, the Commonwealth refiled the original felony Retail Theft charge. The magistrate court scheduled a preliminary hearing for July 21, 2020. On April 2, 2020, Appellant's counsel contacted the MDJ by letter to request that the case be dismissed on double jeopardy grounds. The Commonwealth responded, also by letter, to the MDJ opposing Appellant's request.

On July 21, 2020, prior to commencement of the preliminary hearing on the refiled charge, Appellant served the Commonwealth with a Motion for Compulsory Joinder. Following the parties' arguments, the MDJ granted Appellant's motion and dismissed the refiled felony Retail Theft charge.

On August 20, 2020, the Commonwealth filed a "Petition for Writ of *Certiorari* or Notice of Appeal" asserting that Appellant's February 18, 2020

plea to summary Retail Theft was a nullity because the MDJ lacked jurisdiction to withdraw the felony Retail Theft charge without the consent of the Commonwealth's attorney or its designee. The Commonwealth also asserted that the MDJ lacked jurisdiction to accept Appellant's guilty plea to a summary offense because the summary offense charge arose as a result of a reduction in charges.

On September 10, 2020, the trial court held a hearing on the writ/notice of appeal. On November 9, 2020, after considering the parties' arguments and briefs, the court granted the writ, vacated Appellant's guilty plea to Retail Theft graded as a summary offense and reinstated the original felony Retail Theft charge.

This appeal followed. Appellant complied with the trial court's order to file a Pa.R.A.P. 1925(b) Statement. In lieu of a Rule 1925(a) Opinion, the trial court relied on its November 9, 2020 Opinion.

Appellant presents the following issues on appeal:

A. Did the trial court err or abuse its discretion in granting the Commonwealth's petition for writ of *certiorari* or notice of appeal and reinstating charges at the magisterial level where those charges resulted from the re-filing of the same charges and based upon the same set of facts and circumstances to which [] Appellant had earlier pled guilty before [the MDJ], which violated the Double Jeopardy Clause of the United States and Pennsylvania Constitutions, U.S. Const. Amend. V & XIV; Pa. Const. Art. 1, § 10 and 18 Pa.C.S.[] §§ 109 & 110(a)(1)(ii).

  1. Did the trial court err or abuse its discretion in concluding that the Commonwealth was the only entity which could authorize the withdrawal of felony charges and substitute those offense[s] with a summary offense, before [the

MDJ], to which [] Appellant pled, where an officer acted as a "designee" of the Commonwealth?

2. Did the trial court err or abuse its discretion in concluding that the [MDJ] did not possess subject matter jurisdiction to allow the charges to be withdrawn and, then, accept a plea to a summary offense and, then, rule upon the bar of compulsory joinder and double jeopardy?

3. Did the trial court err in granting the Commonwealth's petition for writ of *certiorari* or notice of appeal where neither was timely filed and, therefore, the trial court did not possess jurisdiction to grant relief?

4. Was [] Appellant deprived of his right to avoid being placed twice in jeopardy and the protections afforded by the principles of compulsory joinder?

Appellant's Brief at 4.

Each of Appellant's issues challenges the trial court's order granting the Commonwealth's writ of *certiorari*. "We will not disturb the lower court's issuance of a writ of *certiorari* unless we find an abuse of discretion." ***Commonwealth v. Noss***, 162 A.3d 503, 507 (Pa. Super. 2017). "[*C*]*ertiorari* provides a narrow scope of review in a summary criminal matter and allows review solely for questions of law." ***Id.*** (citation omitted). Because our review here is only of a question of law, our standard of review is *de novo*, and our scope of review is plenary. ***Id.***

In his first issue, Appellant asserts that the trial court erred in concluding that Officer Navarro was not a Commonwealth designee with authority to enter into a plea agreement with Appellant. Appellant's Brief at 11-19. Appellant argues that because Pa.R.Crim.P. 551 does not limit Commonwealth designees to attorneys, it is reasonable to conclude that Officer Navarro was

- 4 -

a Rule 551 designee of the Commonwealth who had the attendant authority to withdraw the felony Retail Theft charge and refile the charge as a summary offense. *Id.* at 13.

In support of this claim, Appellant argues that because the Commonwealth did not exercise its "option to initially assume charge over the prosecution" by sending an assistant district attorney at Appellant's preliminary hearing, and because Officer Navarro initiated the case against Appellant by filing the criminal complaint against him, "it [was] left to the officer . . . to prosecute the case." *Id.* at 15. Appellant concludes, therefore, that when the Commonwealth left Officer Navarro alone to prosecute the case, he was "a *de facto* 'designee' of the attorney for the Commonwealth" and it was "appropriate for [him] to withdraw the charges before the magisterial district judge under [Rule] 551." *Id.* Stated another way, Appellant argues that Officer Navarro became the Commonwealth's designee because of the lack of contact between Officer Navarro and the assistant district attorney.

Rule 551 provides, in relevant part, that only "the attorney for the Commonwealth, or his or her designee," may withdraw charges and "[t]he withdrawal shall be in writing." Pa.R.Crim.P. 551.

This Court recently interpreted Rule 551 in **Noss**, **supra**. In **Noss**, we held that, absent evidence that an assistant district attorney had authorized one of two police officers who signed the criminal complaint to withdraw a felony charge against the defendant, the officer was not a Rule 551 designee of the Commonwealth and, thus, the officer lacked the authority to withdraw

- 5 -

the charge. **Noss**, 162 A.3d at 508. **See also Commonwealth v. Santiago**, __ A.3d __, __, 2022 WL 175802, at *4 -*6 (Pa. Super. filed Jan. 20, 2022) (applying **Noss**). Here, there is similarly no evidence that the assistant district attorney authorized Officer Navarro to act as her designee.

Appellant argues that the holding in **Noss** is inapplicable here because, in **Noss**, the prosecutor "exercised uninterrupted authority over the prosecution" from its inception by approving and signing the criminal complaint, being present at the first scheduled preliminary hearing that the court continued, and again at the second scheduled preliminary hearing to request an additional continuance. Appellant's Brief at 16-17, 19. In contrast, in the instant case, Officer Navarro, and not an assistant district attorney, exercised authority over the prosecution "from the very beginning through the preliminary hearing and was the *de facto* 'designee' of the Commonwealth." **Id.** at 19. Given the officer's alleged status as "*de facto* designee", Appellant concludes that Officer Navarro "possessed the authority to amend or withdraw the charges . . . and, then, re-file the charges as summary offenses." **Id.**

We are unpersuaded by Appellant's effort to distinguish **Noss**. Simply, our holding in **Noss** hinged not on the level of involvement of the prosecutor in the case prior to and at the time the officer withdrew the felony charge. Rather, the basis for the **Noss** holding is the absence of record evidence indicating that the prosecutor had authorized the police officer to act as its designee.

Here, there is similarly no record evidence that the assistant district attorney authorized Officer Navarro to act as her designee. Accordingly, Appellant has not established that Officer Navarro was acting as the Commonwealth's designee when he withdrew the felony charge and purported to enter into a plea agreement with Appellant. Appellant's guilty plea was, thus, a legal nullity. **See Santiago**, **supra**, at *6 (concluding that the improper withdrawal of a felony charge and resulting conversion to a summary offense rendered the guilty plea to the summary offense null).

Moreover, Appellant has not cited any authority supporting the propositions that (1) the absence of evidence indicating that the Commonwealth authorized a police officer to act as its designee indicates that the officer has *de facto* authorization to act as such and (2) the less contact an officer has with a prosecutor, the more "designated" the officer becomes, and we have found none. For the foregoing reasons, Appellant is, thus, not entitled to relief on his first claim.[3]

In his next issue, Appellant claims that the trial court erred in granting the Commonwealth's writ of *certiorari* or notice of appeal where the Commonwealth untimely filed them. Appellant's Brief at 23-25.

---

[3] In Appellant's bootstrapped second issue, he claims that the trial court erred when it concluded that the MDJ lacked subject matter jurisdiction to permit the withdrawal of the felony Retail Theft charges and accept Appellant's plea to a summary offense because Officer Navarro was acting as the Commonwealth's designee when he withdrew the felony charges and, thus, only the summary offense over which the MDJ unquestionably had jurisdiction was ever before the MDJ. Appellant's Brief at 20-23. In light of our disposition of Appellant's first issue, we need not address this claim.

Generally, the trial court lacks jurisdiction to issue a writ of *certiorari* to a petitioner who files the petition for writ more than 30 days after a conviction. ***Commonwealth v. Menezes***, 871 A.2d 204, 207 (Pa. Super. 2005). Similarly, Pa.R.Crim.P. 460 provides, in relevant part, that an appeal from a summary proceeding must be filed within 30 days after the entry of a guilty plea. Pa.R.Crim.P. 460(A).

Here, however, the timeliness rules are not applicable. In light of our conclusion that Appellant's guilty plea to summary Retail Theft was a legal nullity, there is no plea upon which to apply the timeliness rules. Accordingly, Appellant's third claim fails.

Last, Appellant claims that the trial court violated the double jeopardy clauses of the United States and Pennsylvania Constitutions when it reinstated the felony charge after the MDJ had accepted Appellant's guilty plea. Appellant's Brief at 25-28. We disagree.

As the ***Noss*** Court recognized, jeopardy does not attach where the proceeding upon which the conviction is based was itself a legal nullity. ***Noss***, 162 A.3d at 509 (*citing* ***United States v. Tateo***, 377 U.S. 463, 465 (1964) (concluding that the Fifth Amendment does not preclude retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction)).

Instantly, as explained above, Officer Navarro was not authorized to act as the Commonwealth's designee when he withdrew the felony charge and agreed to Appellant's guilty plea. Thus, Appellant's plea was a legal nullity

and jeopardy did not attach. Accordingly, we find that the trial court did not violate the double jeopardy clause of the United States and Pennsylvania Constitutions.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/24/2022