J-A20020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES M. HICKS | : | |
| | : | |
| Appellant | : | No. 2738 EDA 2023 |

Appeal from the Order Entered October 17, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  MC-51-CR-0008499-2023

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.E.:                **FILED DECEMBER 27, 2024**

James M. Hicks appeals from the order denying his petition for writ of *certiorari* filed with the Philadelphia Court of Common Pleas after he was convicted of unlawful dissemination of an intimate image[1] in the Philadelphia Municipal Court. We affirm.

Preliminarily, we note a defendant convicted in Philadelphia's Municipal Court has two appellate options for relief. The defendant has the right to request either a trial *de novo* or to file a petition for a writ of *certiorari* with the Philadelphia Court of Common Pleas. **See Commonwealth v. Beaufort**, 112 A.3d 1267, 1269 (Pa. Super. 2015). "A trial *de novo* gives the defendant a new trial without reference to the Municipal Court record; a petition for writ

_____

[1] 18 Pa.C.S.A § 3131(a).

of *certiorari* asks the Common Pleas Court to review the record made in the Municipal Court." *See id*. Essentially, this Court has held that when a defendant files a petition for a writ of *certiorari*, the Philadelphia Court of Common Pleas sits as an appellate court. *See Commonwealth v. Coleman*, 19 A.3d 1111, 1119 (Pa. Super. 2011) (citations omitted).

Upon review of Hicks' petition for writ of *certiorari*, the trial court summarized the record from the municipal court as follows:

> The following facts were developed at the June 14, 2023 trial. Bayyinah Salaam ("Salaam") is the mother of the complainant Asia Dingle ("Dingle"). She testified that on January 17, 2023, she received two text messages in her phone which contained a picture of a nude female. One of the messages included a written message stating, "who does this whore belong to?" and "[t]rying to return to it's [sic] rightful owner." Salaam identified the person in the photograph as her daughter, Dingle. Salaam did not recognize the sender's phone number and she did not receive any other messages from that number. On March 14, 2023, Salaam received a second photograph which contained a woman's buttocks covered in fishnet stockings followed by a text message that stated, "[t]hose hoes too easy like they hoe ass granny." The message came from a number different than the first message and which Salaam did not recognize. Other than the phone number, there was no name or other information included in the messages.
>
> Dingle testified that she has known Hicks for over a decade and had been in a relationship with him. They have a son between them and were involved in an acrimonious child-custody dispute and had differing views on custody. They had been to family court several times to address the ongoing issues. During discussions with Hicks, she testified that he called her a "whore" and made other disparaging remarks. She testified that the communication escalated during which time Hicks stated, "You know what I still have on you and you know what I will use for court and I will drag your family into it." The escalation occurred around the time when the photographs were sent to Salaam.

Salaam had shown Dingle the photographs that she received and Dingle confirmed that they were of her. Dingle testified that Hicks had taken the photographs of her and only he had access to them. At trial she confirmed that the Commonwealth's exhibits were these same photographs which were taken between 2011 and 2013. There was a stipulation that the photographs contained nudity and that Dingle was the subject of the photographs. There was no objection to the admissibility of the photographs C-1 and C-2 by the by the defense. There was an objection to the photograph marked C-3 which did not show Dingle's face. However, Dingle was able to identify herself in C-3 which she testified was taken by Hicks. Hicks did not testify at trial and the above evidence was uncontroverted.

Trial Court Opinion, 1/5/24, at 2-3 (citations omitted).

Hicks was charged with unlawful dissemination of an intimate image and harassment. On June 14, 2023, the Honorable Lydia Y. Kirkland of the Philadelphia Municipal Court conducted a nonjury trial, after which she found Hicks guilty of unlawful dissemination of an intimate image and not guilty of harassment. Hicks received a sentence of 9 months' probation.

Hicks filed a timely petition for writ of *certiorari* in the Philadelphia County Court of Common Pleas challenging the sufficiency of the evidence to support his conviction. As stated above, Hicks' petition requested the Philadelphia Court of Common Pleas to review the evidence presented to the Municipal Court. **See Commonwealth v. Menezes**, 871 A.2d 204, 206 n.2 (Pa. Super. 2005)("[A] petition for writ of *certiorari* asks the Common Pleas Court to review the record made in the Municipal Court"].

On October 17, 2023, following a hearing, the Honorable John Padova denied the petition, thereby affirming the Municipal Court's judgment of sentence. This timely appeal followed.

Hicks' single issue on appeal challenges the sufficiency of the evidence to support his conviction of unlawful dissemination of an intimate image. **See** Appellant's Brief, at 3. Specifically, Hicks argues the Commonwealth failed to establish he was the one who sent the text messages with the intimate images of the complainant.

The right to file a petition for a writ of *certiorari* is found in Pa.R.Crim.P. 1006:

> Pennsylvania Rule of Criminal Procedure 1006(1)(a) provides that a defendant convicted in Philadelphia Municipal Court has the right to request either a trial *de novo* or file a petition for a writ of *certiorari* with the Philadelphia Court of Common Pleas. This Court has held that when a defendant files a petition for a writ of *certiorari*, the Philadelphia Court of Common Pleas sits as an appellate court.

**Commonwealth v. Joyner**, 284 A.3d 890 (Pa. Super. 2022), *quoting* **Commonwealth v. Coleman**, 19 A.3d 1111, 1118-1119 (Pa. Super. 2011). "[A] defendant is legally required to raise all claims in a writ of *certiorari* pertaining to the proceedings in the Municipal Court, or they will be considered waived on appeal." **Commonwealth v. Williams**, 125 A.3d 425, 431 (Pa. Super. 2015) (citation omitted). Further, when an appellant challenges a trial court's denial of a petition for writ of *certiorari*, "[w]e will not disturb the lower court's [decision] unless we find an abuse of discretion." **Commonwealth v.**

***Noss***, 162 A.3d 503, 507 (Pa. Super. 2017). When a writ of *certiorari* is denied, a defendant may raise evidentiary and sufficiency issues on appeal. ***See Coleman***, 13 A.3d at 1119.

We review challenges to the sufficiency of the evidence of a bench trial with great deference to the credibility determinations of the fact finder:

> Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt.

***Commonwealth v. Akhmedov***, 216 A.3d 307, 322 (Pa. Super. 2019).

Furthermore:

> In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Gause***, 164 A.3d 532, 540-41 (Pa. Super. 2017) (*en banc*) (citation omitted).

The crime of unlawful dissemination of intimate image is defined as:

**(a) Offense defined.--**Except as provided in sections 5903 (relating to obscene and other sexual materials and performances), 6312 (relating to sexual abuse of children) and 6321 (relating to transmission of sexually explicit images by minor), a person commits the offense of unlawful dissemination of intimate image if, with intent to harass, annoy or alarm a current or former sexual or intimate partner, the person disseminates a visual depiction of the current or former sexual or intimate partner in a state of nudity or engaged in sexual conduct.

18 Pa.C.S.A. § 3131(a).

At trial, it was stipulated that the photographs were of Dingle and that they contained nudity, satisfying those requirements of the offense. **_See_** N.T., Trial (Waiver), 6/14/23, at 14. Hicks argues there was insufficient evidence to prove he was the one that disseminated the images. Specifically, Hicks argues there was no direct evidence that he sent the photographs, and therefore his conviction rested upon inferences taken from circumstantial evidence.

In denying the petition on the record, the court explained as follows:

> This is what I find. I have to take the evidence in the light most favorable to the verdict winner and I'm not entitled to substitute my own judgment for the Municipal Court trial Judge[']s judgment.
>
> I'm going to deny the defendant[']s writ of certiorari. I find that the evidence did show that the defendant took the photographs and was the only one who was in control of them. You have to take a look at the timing of when the photos were disseminated or sent.
>
> The photos remained dormant for years and only surfaced when there was a custody battle.
>
> Since the defendant was the only one that was in control of the photographs I can't substitute my judgment for Municipal Court or the MC Judge[']s determination or fact findings.

- 6 -

See N.T., Hearing, 10/17/23, at 21-22. Further, the trial court offered the following analysis of Hicks' claim on appeal:

> Hicks contends that the evidence was insufficient to establish that he sent the photographs. Dingle's testimony at trial was that Hicks took the photographs sometime between 2011 and 2013 and that only he had access to them. Dingle testified that during communications with Hicks, he told her "You know what I still have on you and you know what I will use for court and will drag your family into it." He also called her a "whore" and made other disparaging remarks.
>
> Based upon the totality of the circumstances and the uncontroverted evidence, the trial court concluded that Hicks was the only person in possession of the photographs who could have sent them to Salaam and did so with the stated intent and motivation to use what he had in his possession to involve Dingle's family (her mother, Salaam). This was sufficient to demonstrate that Hicks disseminated the photographs with the intent to harass, alarm or annoy Dingle and there was no abuse of discretion when the trial court found him guilty of the charge.

Trial Court Opinion, 1/5/24, at 8. We agree and find the record supports the court's determination.

In summary, viewing the totality of this evidence in the light most favorable to the Commonwealth, we are satisfied the trial court was justified in determining the Commonwealth presented sufficient evidence to establish all the elements of the crime of unlawful dissemination of an intimate image beyond a reasonable doubt. We note that the Commonwealth can sustain its burden on wholly circumstantial evidence. **See Gause**, 164 A.3d at 541.

Accordingly, we discern no error or abuse of discretion and affirm the denial of Hicks' petition for writ of *certiorari*.

Order affirmed.

- 7 -

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/27/2024