J-S33031-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                  :            PENNSYLVANIA
                                  :

               v.                        :
                                  :

JERRELL HALL                       :
                                  :

            Appellant           :     No. 3193 EDA 2024

Appeal from the Order Entered October 29, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  MC-51-CR-0003546-2023

BEFORE:  BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BECK, J.:                **FILED DECEMBER 12, 2025**

Jerrell Hall ("Hall") appeals from the order entered by the Philadelphia County Court of Common Pleas ("trial court") denying his petition for writ of certiorari seeking a new trial based on after-discovered evidence.  Because the record confirms that the after-discovered evidence would be used solely for impeachment purposes, we affirm.

On February 26, 2023, Trooper Joseph Koza observed Hall change lanes without signaling and tailgate another car.  Relevantly, Trooper Koza did not turn on his mobile video recorder until after observing the traffic violations. When Trooper Koza pulled Hall over, he noticed that Hall had watery, bloodshot eyes, and that there was a smell of burnt marijuana coming from inside Hall's vehicle.  Trooper Koza saw what he believed to be marijuana in the center console, which Hall confirmed.  Hall told Trooper Koza that he had

smoked marijuana earlier that day. Trooper Koza requested, and Hall consented to, a field sobriety test. Thereafter, Trooper Koza concluded that Hall exhibited signs of impairment and arrested him for suspected driving under the influence ("DUI"). Hall consented to a blood test, which showed that the level of THC in Hall's blood impaired his ability to drive safely.

Hall moved to suppress the stop, arrest, and blood test results in the Philadelphia Municipal Court, which denied his motion. The municipal court judge subsequently found Hall guilty of DUI. Before sentencing, Hall moved for extraordinary relief, requesting a new trial and reconsideration of the motion to suppress based on after-discovered evidence. The evidence consisted of unrelated DUI stops made by Trooper Koza where his reports were inconsistent with the video footage of the stops, which led to the withdrawal of the charges. The municipal court judge granted Hall's motion.

The Commonwealth filed an interlocutory appeal. The trial court reversed the order for a new trial and remanded the case for sentencing. On August 15, 2024, the municipal court judge sentenced Hall to seventy-two hours to six months of incarceration but stayed his sentence pending the results of his appeal. On September 16, 2024, Hall filed a petition for writ of

certiorari to the trial court.[1]  The trial court denied Hall's petition and he filed a timely appeal to this Court.

Hall raises the following issue for our review:

> Is a new trial warranted where [Hall], after trial, discovered critical exculpatory evidence that the arresting [t]rooper had a provable, established pattern and practice of fabricating his reasons for initiating traffic stops and also for fabricating the accompanying paperwork, satisfying the test for the granting of a new trial based on after-discovered evidence, as the evidence, while impeachment material, was not solely for impeachment purposes alone?

Hall's Brief at 2.

When an appellant challenges a trial court's denial of a petition for writ of certiorari, "[w]e will not disturb the lower court's [decision] unless we find an abuse of discretion." *Commonwealth v. Noss*, 162 A.3d 503, 507 (Pa. Super. 2017).  Certiorari provides a narrow scope of review and allows review solely for questions of law.  *Id.*

_____

[1] Rule 1006(A)(1)(a) of the Pennsylvania Rules of Criminal Procedure provides a defendant convicted in the municipal court "the right to request either a trial de novo or file a petition for a writ of certiorari with the Philadelphia Court of Common Pleas.  This Court has held that when a defendant files a petition for a writ of certiorari, the Philadelphia Court of Common Pleas sits as an appellate court." *Commonwealth v. Coleman*, 19 A.3d 1111, 1118-19 (Pa. Super. 2011) (citations omitted).  Hall had thirty days from the entry of the sentence to file the writ.  Pa.R.Crim.P. 1006(A)(1)(a).  Here, the thirtieth day fell on Saturday, September 14, 2024; therefore, his filing of the writ on September 16, 2024, was timely.  *See* 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

Hall argues that he is entitled to a new trial because "Trooper Koza had a history of fabricating evidence and falsifying police paperwork, signifying a pattern and practice of illegally stopping motorists for no reason." Hall's Brief at 10. Hall asserts that the evidence of the prior stops satisfies all requirements of the after-discovered evidence test. *Id.* at 12. He states that evidence of the trooper's inconsistencies in other cases was not made available until after Hall's conviction and therefore could not be discovered through reasonable diligence. *Id.* at 16. He observes that there was no similar evidence at trial indicating Trooper Koza fabricated the bases for his traffic stops, so this evidence is not merely corroborative or cumulative. *Id.* at 17. Hall further contends the evidence would not be used solely for impeachment purposes but would be used to undermine Trooper Koza's credibility and reliability by showing a pattern of illegal stops. *Id.* at 12, 14-16, 18-20. He maintains that Trooper Koza "has a pattern and practice of illegally stopping Pennsylvania motorists, that his failure to turn on his recording device in this case was in fact intentional, and he did in fact illegally stop [] Hall." *Id.* at 13. To that end, Hall states that the purpose of this evidence is to show that Trooper Koza, as the sole witness at the suppression hearing and primary witness at trial, is "entirely unreliable" and has "no credibility." *Id.* at 20; *see also id.* at 17. Hall also contends that the evidence "establishes absence of mistake on the part of Trooper Koza for failing to

preserve the [] footage." ***Id.*** at 17-18. Lastly, Hall alleges that this evidence would result in a different verdict. ***Id.*** at 22.

To obtain relief on an after-discovered evidence claim, an appellant must show that the evidence:

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Commonwealth v. Pagan***, 950 A.2d 270, 292 (Pa. 2008). Each of these requirements must be proved by a preponderance of the evidence for a new trial to be warranted. ***Commonwealth v. Foreman***, 55 A.3d 532, 537 (Pa. Super. 2012).

Where the after-discovered evidence takes the form of an officer's undisclosed misconduct, the appellant bears the burden of establishing a "nexus" between the undisclosed misconduct and appellant's case. ***Id.*** As we have previously recognized, however, "evidence of police misconduct in an unrelated case does not qualify as after-discovered evidence, as it would only be used for impeachment purposes." ***Commonwealth v. Brown***, 134 A.3d 1097, 1109 (Pa. Super. 2016). Likewise, evidence used to attack a witness' credibility is evidence used for impeachment purposes. ***Foreman***, 55 A.3d at 537.

The trial court found that the evidence "would be used solely to impeach the credibility of Trooper Koza." Trial Court Opinion, 1/14/2025, at 4. The

trial court further indicated that the "evidence regarding the trooper allegedly lying about unobserved unrelated traffic infractions, acting in accordance with a pattern or plan, and purposely not activating the [mobile video recorder] camera would all be to challenge Trooper Koza's credibility. *Id.* We agree.

Indeed, Hall tacitly admits that he sought to introduce the evidence solely for impeachment purposes. Although he argues that the evidence would not be used for impeachment, but to establish his pattern of illegally stopping drivers, the sole basis for this evidence is to attack Trooper Koza's credibility and the reliability of his testimony regarding the instant stop. ***See, e.g.,*** Hall's Brief at 17, 20; ***see also Commonwealth v. Walter***, 93 A.3d 442, 451 (Pa. 2014) (noting "[c]redibility involves an assessment of whether or not what the witness says is true") (citation omitted). Pointedly, at the suppression hearing, during Hall's cross-examination, Trooper Koza admitted he did not turn on the video recording until after the traffic violations. N.T., 4/12/2023, at 24-25. Hall had the opportunity to attack Trooper Koza's credibility in this regard to show a lack of mistake. Further, Hall fails to establish that Trooper Koza wrote a report that was contradicted by the video recording. Thus, we conclude that because Hall merely seeks to admit this evidence to impeach Trooper Koza's testimony, his after-discovered evidence claim fails. ***See Brown***, 134 A.3d at 1109 (concluding that after-discovered evidence that a detective coerced false confessions in unrelated case would be used solely as impeachment evidence); ***Foreman***, 55 A.3d at 537 (stating

- 6 -

that evidence of criminal charges for perjury and theft stemming from a detective's misconduct in an unrelated case would only be used for impeachment purposes).

We find no abuse of discretion in the trial court's denial of Hall's petition for certiorari. We therefore affirm.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/12/2025